# THE

# New York Supplement.

## VOLUME 26.

---

### COHEN v. HIRSCH.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. CONTRACTS—CONSIDERATION—REBATE ON QUANTITY.
    In an action for the price of certain beer and champagne, defendant alleged that the goods were consumed at the annual ball of the E. Association, on a certain date, in a hall owned by plaintiff, under an agreement between plaintiff and defendant, acting for said association, that a specified rebate should be made by plaintiff to the association should his receipts at said ball exceed a certain sum; that such receipts exceeded said sum; and that the goods in question were received under said agreement, in satisfaction of said rebate. *Held*, that the purchases which made up said receipts, made by defendant and his fellow members under said agreement, were a good consideration for the rebate.

2. SAME—CONSTRUCTION.
    In such case, defendant's words in ordering the goods, "I will let you have the difference," were not a promise to pay, but an agreement to throw off in plaintiff's favor the difference that would otherwise have been due the association on said rebate.

Appeal from fourth district court.

Action by Barney Cohen against Edward Hirsch for the price of goods sold and delivered. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Mark J. Katz, for appellant.

Nathan S. Levy, for respondent.

GIEGERICH, J. This action was brought to recover the agreed price of 50 quarts of champagne and a certain amount of lager beer sold and delivered by the plaintiff to the defendant. The answer substantially alleges that the said goods were consumed at the annual ball of the Edward Hirsch Association, held on the 14th day of December, 1892, in a hall of which the plaintiff was then the proprietor, in pursuance of an agreement made between the plaintiff and the defendant, who was acting on behalf of the said

association, that a specified rebate or allowance should be made by the plaintiff to the said association in case his receipts at said ball should exceed a certain sum; that his receipts thereat exceeded such sum; and that the goods in question were received in pursuance of said agreement, and in satisfaction of such rebate or allowance. The plaintiff insists that the agreement set up was void for want of consideration. It appears, however, from the testimony of the defendant and his witnesses, that the contract was made in behalf of the said association, and that the defendant and his various fellow members, collectively, and in pursuance thereof, made purchases to the amount specified. This, in our opinion, furnishes indubitably a sufficient consideration to support the contract in question, and renders untenable the contention of the plaintiff that the same was a wager. The agreement to allow a discount or rebate if the amount of the purchases should exceed a certain sum was therefore valid, and binding upon the parties. After the purchaser has bought to the amount specified, and thus expended more than he would but for his reliance on and expectation of being benefited by the discount, both good reason and good faith require that the vendor be held to his agreement.

The plaintiff further contends that it has been clearly shown by the testimony that the condition precedent has not been performed by the defendant. We think that this contention is plainly untenable. There was sufficient evidence to warrant the conclusion the justice evidently reached,—that the receipts amounted to over $1,000. Although conflicting, the evidence was not, in our opinion, of such a convincing character as to clearly indicate that there was a mistake on the part of the justice, or that he had been influenced by bias, passion, prejudice, or corruption, or that he had manifestly neglected to deliberate upon the whole testimony, and therefore we will not interfere with his determination of the facts. Lynes v. Hickey, 4 Misc. Rep. 522, 24 N. Y. Supp. 731. It cannot be said, as is claimed by the plaintiff, that the judgment is unjustifiable on every theory. On the contrary, it was strictly "secundum allegata et probata." The answer alleged, and the evidence showed, what was substantially an accord and satisfaction, and the judgment rendered in favor of the defendant for extra costs only was in all respects correct.

We think that the counsel for the plaintiff is incorrect in his interpretation of the meaning of the defendant's words at the time he ordered the goods, "I will let you have the difference." In view of the context and circumstances, this cannot be construed as a promise to pay, but was rather an agreement to throw off in plaintiff's favor the difference that would otherwise have been due to the association above named. There being no errors of law apparent upon the record, and it appearing therefrom that no injustice has been done to the plaintiff, (appellant,) the judgment should be affirmed, with costs.