72 N.J. Super. 388 (1962)
178 A.2d 266
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT CLINTON TAYLOR, DEFENDANT.
Superior Court of New Jersey, Atlantic County Court, Law Division (Criminal).
Decided February 14, 1962.
*389 Mr. Solomon Forman, Assistant Prosecutor, argued the cause for plaintiff (Mr. Augustine A. Repetto, Atlantic County Prosecutor, attorney).
Mr. Elias G. Naame argued the cause for the defendant (Mr. Robert H. Davisson, on the brief).
SALSBURG, J.C.C.
After conviction an accusation was filed by the State of New Jersey, charging the defendant with being a third-time narcotics offender and seeking the enhanced penalties provided under N.J.S.A. 24:18-47(b), known as the Uniform Narcotic Drug Law. The defendant's narcotics convictions are as follows:
December 8, 1938, Atlantic County Special Quarter Sessions Court, conviction, possession of narcotics.
May 1, 1950, United States District Court for the District of Columbia, conviction under 26 U.S.C. §§ 2553(a), 2554(a) 2591(a) and 2593(a). (Harrison Act) by guilty plea. Failure to pay a tax on possession and transfer of marihuana, etc.
February 6, 1961, Atlantic County Court, violation of R.S. 24:18-4, in that he unlawfully possessed and had under his control a narcotic drug, to wit, heroin.
The last mentioned conviction, which constituted the defendant a third offender, was the result of a jury verdict. The previous narcotics violations were not set forth in the indictment.
In State v. Laird, 25 N.J. 298 (1957), Justice Heher, speaking for the Supreme Court, stated that although provision is made for additional punishment in case of repetition of criminal action, the accused must clearly be informed of the charges against him, and this applies to elements of aggravation under statutes enlarging the grade of crime by enhancing punishment. The court pointed out that a second or third offender is entitled, before sentence, to be given notice and afforded an opportunity to be heard *390 as to commission of prior offenses made a precondition of the greater punishment.
Pursuant thereto the aforesaid accusation was filed by the State, and defendant, after notice, appeared in court with court-appointed counsel who had represented him at the trial. His counsel admitted the convictions only for the purpose of making this motion, and moved to dismiss the accusation on the ground that the violation of the federal statute cannot be brought within the meaning of the words of the New Jersey statute.
The pertinent provisions of the statute, N.J.S.A. 24:18-47(b), read as follows:
"Any person as in this chapter defined

* * * * * * * *
(b) Who violates any provision hereof shall be guilty of a high misdemeanor and shall be punished as follows:
(1) for each first offense, by a fine not exceeding two thousand dollars ($2,000.00) and by imprisonment, with hard labor, for a term of not less than two years nor more than fifteen years;
(2) for each second offense, by a fine not exceeding five thousand dollars ($5,000.00) and by imprisonment, with hard labor, for a term of not less than five years nor more than twenty-five years;
(3) for each third offense and for each subsequent offense, by a fine not exceeding five thousand dollars ($5,000.00) and by imprisonment, with hard labor, for a term of not less than ten years with a maximum of imprisonment for life.
In case a person charged with a violation of any of the provisions of this chapter shall have been previously convicted of a violation of the laws of the United States or of any other State, territory or district relating to narcotic drugs or marihuana, such previous conviction shall for the purpose of this section, be deemed a first or second offense as the case may be."
Does the New Jersey statute by its terms or its intendment preclude the applicability of the Harrison Anti-Narcotics Act as a "violation of the laws of the United States * * * relating to narcotic drugs or marihuana"?
There are no New Jersey cases on point. However, this problem has been raised and determined in Illinois. In People v. Hightower, 414 Ill. 537, 112 N.E.2d 126 (Sup. Ct. 1953), the defendant was convicted of dispensing *391 drugs. He had previously been convicted of a violation of the Harrison Narcotics Act. The defendant objected to the additional sentence imposed under the Illinois version of the Uniform Narcotic Drug Law on the theory that his conviction under the Harrison Narcotics Act was a violation of a revenue law and not a narcotics law. The court disposed of this objection in these words:
"We find little merit in defendant's argument that he was found guilty in the Federal court of a violation of the revenue law and not a narcotic law as provided for in the Illinois statute. Defendant's brief refers to the Harrison Act, 26 U.S.C.A. §§ 2550 et seq., 3220 et seq., and states that the Federal government is at least equally concerned as is this State in prosecuting narcotic law violators. Defendant has cited many Federal cases which in effect hold that the Harrison Act is not a narcotic law but a revenue law. Little mention need be made of the fact that these cases are not in point, for the reason that the first section of the Illinois statute which contains several definitions refers to Federal narcotic laws. The Harrison Narcotic Act has been upheld as a valid enactment against contentions that it was not a revenue measure. While it may be assumed that the act has a moral end, and that the suppression of the drug habit by regulating the purchase, sale and distribution of narcotics is at least one of the incidental purposes of the legislation, nevertheless, it is held that the Harrison Narcotic Act will be treated as a revenue measure so that only such moral ends can be attained by it as such a construction permits. 17 Am. Jur., 850."
The Illinois statute, Ill. Rev. Stat. 1951, c. 38, secs. 192.1-192.28, is similar in wording to the New Jersey statute:
"Any offense under this Act shall be deemed a subsequent offense if the violator shall have been previously convicted of a felony under any law of the United States of America or of any State or Territory or of the District of Columbia relating to narcotic drugs."
Apart from this judicial interpretation is it possible to determine the intention of the New Jersey Legislature as to the applicability of a conviction under the federal Harrison Act as a conviction which would justify an increased penalty under the New Jersey statute? An examination of pertinent dates must indicate that the New Jersey Legislature *392 intended an affirmative answer. The penal provisions of the New Jersey act as to multiple offenders under the Uniform Narcotic Drug Law were adopted in 1953. The Harrison Act had been adopted in 1914, and was held constitutional in 1916 (United States v. Jin Fuey Moy, 241 U.S. 394, 36 S.Ct. 658, 659, 60 L.Ed. 1061), and in 1919 (U.S. v. Doremus, 249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493), on the theory that it was a revenue measure within the delegated powers of Congress.
These cases were discussed in People v. Gennaro, 261 App. Div. 533, 26 N.Y.S.2d 336 (1941), affirmed without opinion 287 N.Y. 657, 39 N.E.2d 283 (Ct. App. 1941), wherein the Supreme Court, Appellate Division, stated the following:
"The theory then was that if the legislation could not be justified as in furtherance of some federal purpose, its constitutionality could not be upheld. It was stated that a general prohibition against the sale of narcotics would obviously be outside the powers of Congress and unconstitutional. It has generally been recognized, however, that the Act had the further purpose of preventing or restricting the sale of narcotics. In United States v. Jin Fuey Moy, supra, the Supreme Court of the United States discussed the purpose of the Harrison Act. Mr. Justice Holmes pointed out that the government contended `that this act was passed with two others in order to carry out the international opium convention (38 Stat. Part 2, 1929); that Congress gave it the appearance of a taxing measure in order to give it a coating of constitutionality, but that it really was a police measure that strained all the powers of the legislature.' Though in that case the court decided the matter on grounds other than the requirements of the opium convention, the fact remains that the court did say, `it may be assumed that the statute has a moral end as well as revenue in view * * *.' As time passed, it was admitted in United States v. Rosenberg, D.C., 251 F. 963, 964, that the chief purpose of the federal narcotics laws was `to control the distribution' of drugs, saying: `Now, it is of course quite true * * * and indeed it has been long recognized * * * that in the exercise of its taxing powers Congress may in fact be actuated, in part, anyway, by purposes quite different from the raising of revenue, and the courts will nevertheless not question the result; and so it does not matter that the chief purpose of this section [of the Harrison Act] is pretty obviously not to raise revenue, but to control the distribution of opium.' Later in Menna v. Menna, 70 App. D.C. 13, 102 F.2d 617, the court noted that the states have adopted laws paralleling the Federal statute, and the court said:
*393 `It is quite true the Supreme Court in the Doremus Case (United States v. Doremus [249 U.S. 86, 39 S.Ct. 214, 63 L.Ed. 493]) upheld the constitutionality of the [Harrison] Act under the taxing power of the United States. But it is also true the court rejected the argument that the Act should be declared unconstitutional because its effect was to accomplish another purpose. And in the Jin Fuey Moy Case [241 U.S. 394, 36 S.Ct. 658, 60 L.Ed. 1061, Ann. Cas. 1917D, 854], the other purpose was assumed to be the moral end to be accomplished in carrying out the objects of the International Opium Convention  the abatement of the drug habit.'"
This was the status of the law when New Jersey adopted its enhanced narcotics offender provision in 1953. If, in 1953, the Legislature had no intention to include a violation of the then existing Harrison Act and its judicially construed basis as a revenue measure, we must come to the conclusion that the Legislature was using empty words when it referred to "a violation of the laws of the United States * * * relating to narcotic drugs," because we would have to conclude that it was not dealing with the 1953 interpretation of the Harrison Act, but was looking forward to either a new interpretation of the Harrison Act as a penal measure within the power of Congress instead of its being a revenue measure, or to an amendment of the U.S. Constitution giving Congress the power to legislate and restrict the sale and possession of narcotics other than under its revenue powers. Either conclusion leads to an absurdity and disregards the plain words of "laws of the United States * * * relating to narcotic drugs." Even though the Harrison Act is a revenue measure it does relate to narcotics regardless of its purpose, means or constitutional basis.
Does the fact that the New Jersey Uniform Narcotic Drug Law providing for increased penalties was adopted in 1953, and that one or more of the defendant's convictions occurred before 1953, cause this to fall within the interdiction of an ex post facto law? This problem was met in the Hightower case, supra, and the determination made that this penalty for increased penalties where one of the *394 convictions antedated the effective date of the statute was not an ex post facto law:
"We find no merit in defendant's contention that section 23 is inapplicable for the reason that the prior conviction occurred before the statute became effective. In People v. Hanke, 389 Ill. 602, at page 604, 60 N.E.2d 395, at page 396, we stated: `A statute increasing the punishment for a subsequent offense is not an ex post facto law merely because the prior conviction occurred before the statute was enacted or became effective.' In Cooley on Constitutional Limitations 8th ed. p. 553, the rule is stated as follows: `Heavier penalties are often provided by law for a second or subsequent offense than for the first, and it has not been deemed objectionable that in providing for the heavier penalty, the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first.'"
This issue is not a stranger to the New Jersey courts. In interpreting the Habitual Criminal Statute, In re Zee, 13 N.J. Super. 312, 318-319 (Cty. Ct. 1951), this issue was disposed of in the following words:
"This reasoning is fallacious. Habitual offender statutes, such as the one in effect here, do not undertake to punish again for the prior offenses. They enhance the punishment for the subsequent offense. A statute is not constitutionally offensive which enhances the punishment for the offense which culminates the repetitive criminal conduct, even though the prior offenses occurred before the statute was enacted or became effective. Such legislation is held not to increase the penalty for the prior crimes, but only to impose punishment for the latter, the gravity of which is increased by the persistence of the accused in criminality."
In view of the above, this court has come to the conclusion that prior federal convictions for violations of the Harrison Act are to be treated as a basis for increasing the penalties under the New Jersey Statute known as the Uniform Narcotics Drug Act, R.S. 24:18-1 et seq. and that the convictions occurring prior to the enactment of the above statute are not to be precluded as ex post facto in determining the additional sentence to be imposed.
The motion of the defendant to dismiss the accusation is hereby denied.