224 So.2d 579 (1969)
Jack Rush BRANNING
v.
STATE of Mississippi.
No. 45411.
Supreme Court of Mississippi.
June 9, 1969.
Rehearing Denied July 3, 1969.
*580 A.S. Scott, Jr., Henry S. Davis, Jr., Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The appellant, Jack Rush Branning, was convicted in the Circuit Court of the Second Judicial District of Jones County, Mississippi, of the possession of narcotics contrary to the provisions of the Uniform Narcotic Drug Act of 1962, which is Sections 6844-6866 Mississippi Code 1942 Annotated (Supp. 1968). This being a third offense, as defined in Section 6866, the court sentenced him to pay a fine of $2,000 and to serve twenty years in the state penitentiary.
The appellant assigned as error:
(1) The lower court erred in overruling the demurrer to the indictment because two of the offenses were committed and the appellant convicted of them before the enactment of the Uniform Narcotic Drug Act of 1962, and, therefore, the 1962 law was an ex post facto law.
(2) The lower court erred in overruling the demurrer to the indictment because the indictment "revealed appellant's prior convictions to the jury before the current charge was adjudicated."
(3) The lower court erred in granting the following instruction to the State:
"The Court instructs the Jury for the State of Mississippi that under the law, identity of name of the Defendant and the person previously convicted is prima facie evidence of identity of person, and if you believe from the evidence in this, beyond a reasonable doubt that the name of the Defendant in this case and the name of the person previously convicted are the same, then you would be warranted in the presumption that they are in fact the same person."
Section 5, Chapter 397, General Laws of 1962 [Section 6866 Mississippi Code 1942 Annotated (Supp. 1968)] does not constitute an ex post facto law. The portion of this law questioned by the appellant provides:
"For a third or subsequent offense, or if the offender shall previously have been convicted two (2) or more times in the aggregate of any violation of the laws of the United States or of any state, territory or district relating to narcotic drugs or marihuana, the offender shall be fined two thousand dollars ($2,000.00) and be imprisoned not less than ten (10) years or more than twenty (20) years. Except in the case of conviction for a first offense, the imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment herein provided for the offense shall have been served."
The argument of the appellant was answered by the United States Supreme Court in the case of Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948), wherein Mr. Justice Jackson, speaking for the Court, said:
"Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive *581 one. Cf. Moore v. Missouri, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301; McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542; Graham v. West Virginia, 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917; Carlesi v. New York, 233 U.S. 51, 34 S.Ct. 576, 58 L.Ed. 843; Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 58 S.Ct. 59, 82 L.Ed. 43." 334 U.S. at 732, 68 S.Ct. at 1258, 92 L.Ed. at 1687. (Emphasis added). See also Gomez v. Texas, 162 Tex.Cr.R. 30, 280 S.W.2d 278 (1955).
In this case the third offense was committed on April 15, 1968, six years after the passage of the act increasing the penalty that could be imposed for a third offense.
In a 1961 case before the United States Ninth Circuit Court of Appeals, the court said:
"The constitutionality of second offender statutes has frequently been upheld under similar circumstances. In McDonald v. Commonwealth of Massachusetts, 1901, 180 U.S. 311, 312, 21 S.Ct. 389, 390, 45 L.Ed. 542, it was stated:
"`The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished * * *.
"`* * * The punishment is for the new crime only, but is the heavier if he is an habitual criminal.'
"Further the court stated at page 313 of 180 U.S., at page 390 of 21 S.Ct.:
"`The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not ex post facto.'" Wey Him Fong v. United States, 287 F.2d 525 at 526 (9th Cir.1961).
In New Jersey v. Taylor, 72 N.J. Super. 388, 178 A.2d 266 (1962), in ruling on a similar case to the case at bar, the court said:
"Does the fact that the New Jersey Uniform Narcotic Drug Law providing for increased penalties was adopted in 1953, and that one or more of the defendant's convictions occurred before 1953, cause this to fall within the interdiction of an ex post facto law? This problem was met in the Hightower case [People v. Hightower, 414 Ill. 537, 112 N.E.2d 126 (S.Ct. 1953)], and the determination made that this penalty [provision] for increased penalties where one of the convictions antedated the effective date of the statute was not an ex post facto law:
"`We find no merit in defendant's contention that section 23 is inapplicable for the reason that the prior conviction occurred before the statute became effective. In People v. Hanke, 389 Ill. 602, at page 604, 60 N.E.2d 395, at page 396, we stated: "A statute increasing the punishment for a subsequent offense is not an ex post facto law merely because the prior conviction occurred before the statute was enacted or became effective." In Cooley on Constitutional Limitations 8th ed. p. 553, the rule is stated as follows: "Heavier penalties are often provided by law for a second or subsequent offense than for the first, and it has not been deemed objectionable that in providing for the heavier penalty, the prior conviction authorized to be taken into account may have taken place before the law was passed. In such cases it is the second or subsequent offense that is punished, not the first."'
"This issue is not a stranger to the New Jersey Courts. In interpreting the Habitual Criminal Statute, In re Zee, 13 N.J. Super. 312, 318-319, 80 A.2d 480, 483 (Co.Ct. 1951), this issue was disposed of in the following words:
"`This reasoning is fallacious. Habitual offender statutes, such as the *582 one in effect here, do not undertake to punish again for the prior offenses. They enhance the punishment for the subsequent offense. A statute is not constitutionally offensive which enhances the punishment for the offense which culminates the repetitive criminal conduct, even though the prior offenses occurred before the statute was enacted or became effective. Such legislation is held not to increase the penalty for the prior crimes, but only to impose punishment for the latter, the gravity of which is increased by the persistence of the accused in criminality.'" 72 N.J. Super. at 393-394, 178 A.2d at 269-270 (Emphasis added).
The lower court was correct in overruling the demurrer to the indictment; the Uniform Narcotic Drug Act of 1962 was not an ex post facto law.
The lower court was also correct in overruling the demurrer to the indictment wherein it was contended that the indictment was fatally defective in that it revealed the appellant's prior convictions to the jury before the third offense had been tried. It was necessary not only to charge the previous convictions but also to make proof thereof in order to fit the case within the statute on habitual offenders. This practice was specifically upheld in Breen v. Beto, 341 F.2d 96 (5th Cir.1965).
There is no merit in appellant's criticism of the instruction granted the State that identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person. The appellant did not deny his identity with the two previous convictions charged and proved; therefore, the presumption is that the appellant is one and the same person as the one previously convicted. The jury was entitled to this instruction as to the law from the court.
We said in Goldsby v. State, 240 Miss. 647, 123 So.2d 429 (1960), cert. den., 365 U.S. 861, 81 S.Ct. 829, 5 L.Ed.2d 824 (1961):
"Moreover, it is a well established rule of evidence and practice in this State that the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. McGowan v. State, 1946, 200 Miss. 270, 281, 25 So.2d 131, 26 So.2d 70." 240 Miss. at 674, 123 So.2d at 439.
The judgment of the circuit court should be and is affirmed.
Affirmed.
ETHRIDGE, C.J., and PATTERSON, INZER, and SMITH, JJ., concur.