493 So.2d 1333 (1986)
Alfred W. COLE
v.
STATE of Mississippi.
No. 55,420.
Supreme Court of Mississippi.
September 17, 1986.
*1334 Phil R. Hinton, Wilson & Hinton, Corinth, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Pat Flynn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
Alfred W. Cole was tried and convicted of manslaughter and aggravated assault in the Circuit Court of Alcorn County, Mississippi. He was sentenced to serve concurrent terms of ten years on each charge. From his conviction and sentence, Alfred Cole appeals.
This case arises from an automobile accident which occurred near Corinth, Mississippi, on February 6, 1982. On that day, the weather in north Mississippi was cold and overcast. Snow was falling and the highways were substantially covered with ice, snow and slush. At approximately 11:15 a.m., Alfred Cole was driving his automobile in an easterly direction on Appalachian Drive. Ruts were worn into the ice and snow where traffic had passed. Cole proceeded without incident until he traversed a bridge on that road. At that point, Cole lost control of his vehicle. Cole claims that at the same time he struck his head and lost consciousness. His car slid sideways down the bridge, "fishtailed" along the road and, finally, onto the west end of a second bridge some 300 feet away from the first. It was at that location that Cole's automobile struck one being driven by Carolyn Wilkinson. The Wilkinson vehicle was either stopped or moving very slowly in its proper lane of traffic.
As a result of the collision, Carolyn Wilkinson died and her son, Ben Wilkinson, age 6, suffered a deep cut on his forehead and a fractured left leg. Cole sustained a concussion, broken neck and lower back injury.
After the accident, Cole was transported to Magnolia Hospital, in Corinth, where he was treated, tested and referred to a Memphis hospital. One of the tests performed at Magnolia Hospital indicated that Cole had a blood alcohol level of 246 milligrams alcohol per hundred milliliters of blood. That test was conducted for diagnostic purposes at the instance of the attending physician, although a sheriff's deputy had also requested such a test be performed. The results of the blood alcohol test were provided to the deputy by an unidentified nurse at the hospital.
Alfred Cole was subsequently indicted and tried for manslaughter and aggravated assault. A pretrial hearing was held to determine whether the results of the blood alcohol test administered to Alfred Cole at the Magnolia Hospital would be admitted at trial. At the conclusion of the hearing, the court overruled Cole's motion to suppress. Cole here asserts that it was error not to suppress the test results and bases that assertion on three separate rationales. It is only necessary that we consider the first.

WAS THE EVIDENCE REGARDING COLE'S BLOOD ALCOHOL CONTENT THE RESULT OF ILLEGAL SEARCH AND SEIZURE?
In arguing this point, both Cole and the state rely on the case of Ashley v. State, 423 So.2d 1311 (Miss. 1982).
In Ashley, it was stated:

*1335 We find appellant had not been lawfully arrested when his blood was withdrawn for testing. However, our examination of the facts must not stop here. We must determine whether Officer Santacruz had probable cause to detain appellant and order a blood test after he went to the hospital. The facts in possession of the officer at that time were that Ashley was driving an automobile which had run into the rear end of another automobile which was stopped at a traffic signal, that an occupant of the stopped automobile had been killed in the accident, and in the opinion of the officer appellant was intoxicated. Under these facts the officer could then have arrested appellant on a charge of manslaughter and required appellant to submit to a test to determine the alcoholic content of his blood. At that time there existed probable cause for arrest and also probable cause to search appellant by requiring him to submit to withdrawal of blood from his body to be tested. (emphasis added)
Id. at 1313.
The essential question, as decided in Ashley, is whether there was probable cause for the search and seizure. A search made without warrant and not incident to a lawful arrest is not illegal per se, but if the fruits of the search are to withstand the exclusionary rule, the search must have been predicated on probable cause. Hailes v. State, 268 So.2d 345, 346 (Miss. 1972). The existence of probable cause and the determination of whether there has been a violation of the constitutional protection against unreasonable search and seizure is determined on a case by case basis. Penick v. State, 440 So.2d 547 (Miss. 1983); Hailes, 268 So.2d at 347. We are, therefore, required to consider the facts which led the investigating officer to request the results of Cole's blood alcohol test.
Cole's assertion of insufficient probable cause is supported by the testimony of Deputy Mayhall, the investigating officer. Mayhall stated that he smelled no odor of alcohol on Cole either at the accident scene nor at the hospital. Mayhall did not observe any whiskey bottles nor beer cans in Cole's automobile. No aspect of Cole's speech, appearance or behavior in any way indicated that he was under the influence of alcohol. In fact, Mayhall admitted that the real reason he requested the test was because it was the policy of the sheriff's department to do so anytime someone was killed in an automobile accident.
In regard to this issue, Officer Mayhall stated:
Q. But you absolutely weren't going to put him under arrest until such time as you had a blood test run? Is that correct?
A. Well, if the lady hadn't of been killed and he had not been admitted to the hospital, normally we issued a ticket for wreckless driving or driving too fast for road conditions.
Q. But you  do you know  do you have any idea what speed he was supposed to be going?
A. No, I don't,  I could only guess at the speed.
Q. You mean you can actually gesstimate or estimate speed on ice?
In other words, reduced to pertinent essentials, the officer's statement is simply: excessive speed in accidents where death results indicates intoxication.
The facts attendant to the present case simply do not measure up to the minimum indica of intoxication present in Ashley. As in Ashley, the facts in possession of the officer at the time he ordered the blood test were that Cole was driving an automobile which had run into another automobile which was stopped (or moving very slowly), and that an occupant of the stopped automobile had been killed in the accident. Unlike Ashley, however, the officer in this case did not think the appellant was intoxicated. The investigating officer in Ashley ordered the blood test based in part, "on information he received from other officers who preceeded him to the scene, about ... appellants' behavior." Ashley, 428 So.2d at 1312. Here the investigating officer had no information  obtained on his own or *1336 provided by others  which indicated that alcohol was the cause of the fatal accident; therefore, the request for Cole's blood alcohol test results was improper. These results should not have been admitted into evidence.
We are not unmindful of our decisions which have allowed arrest and search based on law enforcement agency policy or regulation rather than probable cause. The recent case of Drane v. State, 493 So.2d 294 (Miss. 1986) provides an excellent discussion of the rule in such cases. Concisely stated, such arrests or searches are permissible only where the state's interest in performing them is great; the danger and degree of intrusion to the one arrested or searched must be small. The degree of intrusion necessary in the taking of a blood sample is sufficient to require the presence of probable cause. The Fourth Amendment prohibition against unreasonable search and seizure applies when an intrusion into the body  such as a blood test  is undertaken without a warrant, absent an emergency situation. See, Schmerber v. California, 384 U.S. 757, 770-771, 86 S.Ct. 1826, 1835-1836, 16 L.Ed.2d 908, 919-920 (1966).
For the aforementioned reasons, this case must be reversed and remanded for a new trial. The improperly obtained test results must be excluded.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.