751 So.2d 1050 (1998)
David L. BOYD a/k/a David Lawson Boyd, Appellant,
v.
STATE of Mississippi, Appellee.
No. 96-KA-01402 COA.
Court of Appeals of Mississippi.
November 10, 1998.
*1051 Alfred Lee Felder, Dwayne G. Deer, McComb, Attorneys for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
BEFORE McMILLIN, P.J., COLEMAN, HERRING, AND PAYNE, JJ.
HERRING, J., for the Court:
¶ 1. The appellant, David L. Boyd, appeals to this Court from his conviction and sentence in the Circuit Court of Pike County, Mississippi, where he was found guilty of driving a motor vehicle while under the influence of intoxicating liquor (DUI) for the third time. Boyd claims that the circuit court erred in overruling (1) his motion to suppress evidence seized pursuant to an improper arrest and (2) that the trial court erred when it denied his motion to reduce his charge from a DUI-third offense (a felony) to a DUI-second offense (a misdemeanor). Boyd contends that at the time of his first DUI conviction, the pertinent statute required four convictions before a DUI offense became a felony, whereas the amended version of the statute (Miss.Code Ann. § 63-11-30(2)(c) (Rev.1996)) requires only three. He argues that allowing the first conviction to be used to enhance his sentence constitutes an illegal ex post facto application of the amended DUI enhancement statute. We disagree and affirm.

A. THE FACTS
¶ 2. On March 22, 1996, David L. Boyd was driving on Fernwood Road in Pike County. Upon approaching a roadblock which had been set up at the intersection of Fernwood Road and U.S. Highway 51, Boyd slowed momentarily and then made a left turn onto Dogwood Drive. Chris Williams, a state trooper with the Mississippi Highway Patrol, was stationed east of Highway 51 so that he would be able to intercept vehicles trying to evade the roadblock. As Boyd made a left turn onto Dogwood Drive, Officer Williams pulled in behind Boyd's vehicle and signaled Boyd to pull over to the side of the road. Williams wanted to determine why Boyd avoided the roadblock. Officer Williams testified at trial that Boyd was obviously intoxicated, and that he saw an empty whiskey bottle on the floorboard of Boyd's vehicle. In addition, Boyd could not present a driver's license for the officer's inspection because it was suspended as a result of a previous DUI conviction.
¶ 3. Williams placed Boyd under arrest for driving while his license was suspended *1052 and for driving a motor vehicle while under the influence of intoxicating liquor. Boyd was taken to the Pike County Sheriff's Department and administered an alcohol intoxilyzer test. He failed the test and was charged with felony DUI in violation of Miss.Code Ann. § 63-11-30(2)(c).
¶ 4. On November 14, 1996, Boyd entered a plea of nolo contendre to a third offense operation of a motor vehicle while under the influence of intoxicating liquor. On November 22, 1996, he was sentenced to three years in the custody of the Mississippi Department of Corrections. However, his sentence was suspended, and he was placed on probation for five years and ordered to complete an in-patient alcohol and drug treatment program of no less than four weeks, as well as 120 hours of community service. Boyd was also ordered to pay a fine of $2,000 plus court costs.

B. THE ISSUES
¶ 5. On appeal, Boyd raises the following issues which are taken verbatim from his brief:
I. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED IN A STOP, WHEN THE MISSISSIPPI HIGHWAY PATROL OFFICER LEFT A ROAD BLOCK TO STOP A VEHICLE WHICH HAD TURNED DOWN A DIFFERENT STREET, ALTHOUGH THE COURT DETERMINED THAT THERE WAS NO PROBABLE CAUSE FOR THE STOP AND THE ONLY REASON GIVEN FOR THE STOP WAS THAT THE APPELLANT'S VEHICLE HAD TURNED DOWN THE STREET
II. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S AMENDED MOTION TO REDUCE THE CHARGE TO D.U.I. SECOND OR TO A MISDEMEANOR BECAUSE AT THE TIME OF THE DEFENDANT'S FIRST D.U.I. CONVICTION, TWO SUBSEQUENT D.U.I. CONVICTIONS WOULD NOT CONSTITUTE A FELONY

C. ANALYSIS
¶ 6. We will address each assignment of error in sequence.

I. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE SEIZED IN A STOP, WHERE THE MISSISSIPPI HIGHWAY PATROL OFFICER LEFT A ROADBLOCK TO STOP A VEHICLE WHICH HAD TURNED DOWN A STREET JUST BEFORE REACHING THE ROADBLOCK, ALTHOUGH THE COURT DETERMINED THAT THERE WAS NO PROBABLE CAUSE FOR THE STOP?
¶ 7. The issue of whether the trial court erred in denying the appellant's motion to suppress evidence obtained from an alleged improper arrest became moot upon the entrance of the appellant's plea of nolo contendre. Although we are not required to do so, we will address the issue of the legality of the arrest, because we are convinced that the appellant was trying to address some separate and distinct issue from that presented to the court.
¶ 8. The appellant, Boyd, argues that he was convicted of a DUI third offense as a result of an invalid arrest. He claims that Officer Williams, who arrested him, had no probable cause nor reasonable suspicion to detain him on the roadside. He argues, therefore, that any evidence obtained as a result of the invalid detention should have been suppressed. Conversely, the State argues that Boyd appeared to be attempting to evade the roadblock, and therefore, Officer Williams had sufficient cause to make an investigative stop.
¶ 9. The Mississippi Supreme Court has held that where a motorist evades a police roadblock, "that police may stop them and check the validity of their license tag, and inspection sticker." Boches v. State, 506 *1053 So.2d 254, 264 (Miss.1987). The supreme court has also found in Boches that such investigative stops are clearly within the coverage of the Fourth Amendment of the United States Constitution. On the other hand, "[w]here a detention ... exceeds the scope of an investigatory stop, it approaches a seizure." McCray v. State, 486 So.2d 1247, 1250 (Miss.1986). Thus, the United States Supreme Court has devised a standard of inquiry for evaluating the reasonableness of such investigative stops as follows: "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." United States v. Sharpe, 470 U.S. 675, 682, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985) (quoting Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).
¶ 10. Officer Williams testified that he had been assigned "to intercept vehicles that were trying to elude [the] road block." It was Officer William's testimony that, "[a]s the vehicle came across the railroad tracks it slowed momentarily, pretty much what I visualized was stopping in the road and made a left-hand turn on to Dogwood Drive, which runs parallel, south, back of the railroad tracks." Officer Williams then proceeded to pull Boyd over and walk up to his vehicle. When he reached Boyd's vehicle, Williams could see that Boyd was obviously intoxicated and that an empty whiskey bottle was on the floorboard of the vehicle. When Williams asked Boyd for a driver's license, Boyd could not produce one. Instead, he gave Officer Williams his social security number, and Williams ran a check on it. He found that Boyd's license was suspended for a previous DUI, and Boyd was placed under arrest for driving with a suspended license and for DUI.
¶ 11. We find Boches to be controlling in this case. Just as our supreme court held in Boches, we rule that when a motorist appears to be attempting to evade a police roadblock, a police officer may stop that motorist to check for a valid license tag and inspection sticker. Boches, 506 So.2d at 263-64. We also rule Boyd's detention by Williams was justified from its inception as required by the United States Supreme Court in United States v. Sharpe, 470 U.S. at 682, 105 S.Ct. 1568. The detention of Boyd's vehicle which ultimately led to the conviction of the appellant in this case was a valid investigative stop, and the trial court was correct in overruling Boyd's motion to suppress the evidence obtained as a result of the stop. This assignment of error has no merit.

II. DID THE TRIAL COURT ERR IN OVERRULING APPELLANT'S AMENDED MOTION TO REDUCE THE CHARGE TO DUI SECOND OR TO A MISDEMEANOR WHERE AT THE TIME OF THE DEFENDANT'S FIRST DUI CONVICTION, TWO SUBSEQUENT DUI CONVICTIONS WOULD NOT HAVE CONSTITUTED A FELONY?
¶ 12. David Boyd has been convicted of operating a vehicle while under the influence of intoxicating liquor three times in the past five years. He argues that the application of Section 63-11-30(2)(c) of the Mississippi Code of 1972 (Rev.1996) as applied to him amounts to an ex post facto application of the law, which is prohibited by Article I, Section X of the United States Constitution and Article 3, Section 16 of the Mississippi Constitution of 1890. According to Mississippi's Implied Consent Law which was in force and effect at the time of Boyd's arrest in this case, on March 22, 1996:
(c) For any third or subsequent conviction of any person violating subsection (1) of this section, the offenses being committed within a period of five (5) years, such person shall be guilty of a felony and fined not less than Two Thousand Dollars ($2,000.00) nor more than Five Thousand Dollars ($5,000.00) and shall be imprisoned not less than one (1) year nor more than five (5) years in the State Penitentiary.
*1054 Miss.Code Ann. § 63-11-30(2)(c) (Rev. 1996).
¶ 13. According to this statute, upon a person's third conviction of DUI within a five-year period, that person is guilty of a felony when the third offense is committed. At the time Boyd received his first conviction for DUI, four convictions were required before a person could be convicted of felony DUI. Boyd contends that because the law at the time of his first conviction required four such convictions, his first conviction cannot be counted with his other two DUI convictions to accumulate the currently required three convictions needed for a felony conviction because of ex post facto considerations.
¶ 14. An ex post facto law is a law that "creates a new offense or changes the punishment, to the detriment of the accused, after the commission of a crime." Bell v. State, 726 So.2d 93 (¶ 7) (Miss. 1998). The United States Supreme Court determined in Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) that the following questions must be answered before a law may be held to violate ex post facto protections:
1) Does the act punish as a crime an act previously committed, which was innocent when done;
2) Does the act make more burdensome the punishment for a crime, after its commission; or
3) Does the act deprive one charged with crime of any defense available at the time when the act was committed?
Bell, 726 So.2d at 94 (¶ 8). According to this test, we rule that the amended version of the Implied Consent Law requiring only three DUI convictions in order for the third offense to constitute a felony does not constitute an unconstitutional ex post facto law as applied to Boyd.
¶ 15. As shown in his brief, Boyd's argument rests upon the second question of the three-part test created in the Collins case. In other words, Boyd claims that the Implied Consent Law makes his punishment for his third DUI offense more burdensome after its commission. However, his reasoning is flawed. The amended version of the Implied Consent Law does increase the penalty for a third conviction of DUI, and therefore, makes the punishment for the offense more burdensome. However, the amended statute (Miss.Code Ann. § 63-11-30) was enacted into law before Boyd engaged in operating a motor vehicle while under the influence of intoxicating liquor for the third time. Thus, Boyd had constructive notice of the new punishments for DUI convictions prior to committing his third offense and cannot now be heard to complain.
¶ 16. The Mississippi Supreme Court addressed this issue in Smith v. State, 465 So.2d 999, 1002 (Miss.1985). Smith, not unlike Boyd, was sentenced under an habitual offender statute and argued that because his prior convictions occurred before the habitual offender statute became effective, the application of the penalty enhancement statute to him constituted an illegal ex post facto law. Our supreme court rejected this view and found that "[t]he sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." Id. at 1003 (quoting Branning v. State, 224 So.2d 579 (Miss.1969)). Boyd was convicted and sentenced under the Implied Consent Law as amended. He was arrested on March 22, 1996, at which time the amended Implied Consent Law was in effect. Therefore, he was sentenced pursuant to the statute which was in effect at the time his offense was committed. This issue is completely without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF THIRD OFFENSE OF OPERATION OF MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR *1055 AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO BE SUSPENDED AND THE APPELLANT PLACED ON PROBATION FOR A PERIOD OF FIVE YEARS AND ORDER TO PAY A $2,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR.