PAYNE, J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Appellant Derrick Roberson was convicted by a Coahoma County Circuit Court jury of possession of cocaine and was sentenced to serve three years with the Mississippi Department of Corrections and ordered to pay a $1,000 fine. Feeling aggrieved of this judgment, Roberson filed this appeal.
FACTS
¶2. On the night of October 17, 1997, Clarksdale, Mississippi police conducted a routine road block to check motorists for driver’s licenses, appropriate license plates, and the like. Appellant Derrick Roberson was a passenger in a car that drove through the road block, failing to stop until some fifty meters beyond the stopping point. Two officers approached the vehicle and saw Roberson fidgeting and trying to hide something from them. When asked to reveal what he was trying to hide, Roberson shuffled a bag back and forth in his hands then stuffed the bag into his mouth. Fearing Roberson was trying to destroy evidence, the officers ordered Roberson out of the car, forced him to spit out what he had hidden in his mouth, and found the object to be a plastic bag containing crack cocaine. From this discovery, Roberson was arrested, charged, and ultimately convicted of possession of cocaine.
ARGUMENT AND DISCUSSION OF THE LAW
STANDARD OF REVIEW
¶ 3. This case regards admissibility of evidence and also questions whether such evidence was lawfully seized. “This Court’s standard of review as to the relevance and admissibility of evidence during trial is well established. ‘The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused.’ ” Washington v. State, 726 So.2d 209, 215 (Miss.Ct.App. 1998) (citing Weaver v. State, 713 So.2d 860, 865 (Miss.1997)). Applying this standard of review, we find the evidence in question was properly admitted and the trial judge did not abuse his discretion in admitting such evidence. We now affirm the trial court.
ANALYSIS OF THE ISSUE PRESENTED
I. WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR *544 BY NOT SUPPRESSING UNLAWFULLY SEIZED EVIDENCE FROM APPELLANT WHO HAD BEEN FORCIBLY REMOVED FROM AN. AUTOMOBILE IN WHICH HE WAS A PASSENGER, AND WHO HAD NOT COMMITTED ANY OFFENSE IN THE OFFICERS’ PRESENCE.
¶ 4. In his brief, Roberson re-hashes his testimony from the trial on this matter and alleges the officers lacked probable cause to force him out of his vehicle and to search him. However, the testimony of the officers clearly indicates they had reasonable suspicion when they observed Roberson trying to hide something. When the officers noticed the plastic bag in Roberson’s hand, then observed him playing “switeharoo,” shuffling the bag from one hand to the other eventually hiding the bag in his mouth, they developed a probable cause to further search Roberson.
¶ 5. Roberson chooses to rely on Cole v. State, 493 So.2d 1333 (Miss.1986), which admonishes a case by case analysis of whether or not probable cause existed to warrant a reasonable search. In Cole, the Mississippi Supreme Court reversed the lower court where a blood-alcohol test not incident to arrest was admitted into evidence when no reason existed whatsoever to believe the defendant was drunk and whether drunkenness caused the accident.
¶ 6. The case sub judice is entirely distinguishable from Cole, however, in that the officers here had probable cause to search Roberson. The officers saw Roberson trying to hide something in the car, demanded Roberson reveal what he was hiding, then observed Roberson place the concealed substance in his mouth to hide it further. It was not the mere fact Roberson had a plastic bag in his hand that caused the reasonable suspicion to arise, as Roberson states. Rather, the fact that Roberson diligently tried to hide the bag led to the suspicion of contraband.
¶ 7. This Court’s recent case of Boyd v. State, 751 So.2d 1050 (Miss.Ct.App. 1998), is so factually similar to the case sub judi-ce that we are bound to analyze the two to arrive at a justiciable resolution for Roberson.
¶ 8. In Boyd, Boyd drove through a road block and the police subsequently stopped him to determine his reason for running through the road block and to check for a valid license. Upon observing Boyd’s physical condition, the officers found him to be intoxicated and to be driving without a license. Boyd claimed the officers had no reasonable suspicion to detain him on the roadside and argued any evidence obtained as a result of the invalid detention should have been suppressed. Quoting the Mississippi Supreme Court, this Court stated:
[W]here a motorist evades a police roadblock, “that police may stop them and check the validity of their license tag, and inspection sticker.” The supreme court has also found ... that such investigative stops are clearly within the coverage of the Fourth Amendment of the United States Constitution. On the other hand, “[wjhere a detention ... exceeds the scope of an investigatory stop, it approaches a seizure.” Thus, the United States Supreme Court has devised a standard of inquiry for evaluating the reasonableness of such investigative stops as follows: “whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.”
Id. at 1052-53. Reviewing Roberson’s case in light of Boyd, we find the investigatory stop was proper and this investigation did not exceed the scope of the investigatory stop as to indicate a seizure.
¶ 9. Citing Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), the Mississippi Supreme Court stated:
[IJmproper seizure results when an investigative stop of a suspect exceeds its limitations. An investigative stop of a *545 suspect may be made even where officials have no probable cause to arrest the suspect, as long as they have “a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony” ... or “some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.”
McCray v. State, 486 So.2d 1247, 1249 (Miss.1986) (citations omitted). Roberson evaded a road block then acted suspicious upon the officers’ inspection of the ear in which he was a passenger. Clearly these acts led the officers to develop reasonable suspicion to believe Roberson was engaged in or soon to be engaged in criminal activity-
CONCLUSION
¶ 10. This search and seizure of evidence was properly conducted and does not warrant reversal and remand for a new trial. The decision of the trial court should be affirmed.
¶ 11. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO ANY AND ALL PREVIOUSLY IMPOSED AND FINE OF $1,000 IS AFFIRMED. COURT COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.