# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00977-COA

**CHRISTOPHER H. CREEL A/K/A**                    **APPELLANT**
**CHRISTOPHER HOUSTON CREEL**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:                06/23/2021
TRIAL JUDGE:                          HON. M. BRADLEY MILLS
COURT FROM WHICH APPEALED:   RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       CHRISTOPHER H. CREEL (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALEXANDRA LEBRON
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 01/17/2023
MOTION FOR REHEARING FILED:

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.    Creel appeals the dismissal of his motion for post-conviction collateral relief (PCR).

Creel argues that his sentences are illegal because of the prohibition of ex post facto laws and

that his guilty pleas were not "valid."  Finding no error, we affirm.

## FACTS

¶2.    On July 1, 2018, Christopher Creel was arrested and charged with felony driving

under the influence (DUI).  Creel was indicted for felony DUI because he had at least three

prior DUI convictions.  *See* Miss. Code Ann. § 63-11-30 (Rev. 2022).  He was indicted as

a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015).

The indictment noted that Creel previously had been convicted of DUIs in 2004 in Jones

County, in 2007 in Forrest County, and in 2008 in Forrest County. While the current, fourth DUI charge was pending in 2019, Creel was again arrested for a fifth DUI. Creel was charged once again with felony DUI (a "subsequent offense" under Mississippi Code Annotated section 63-11-30(2)(d) (Supp. 2017)), and he also was charged with felony evasion under Mississippi Code Annotated section 97-9-72 (Rev. 2014).

¶3. Pursuant to a plea offer, on March 28, 2019, Creel entered a guilty plea to all charges. Creel pled guilty to two counts of felony DUI (fourth and subsequent offenses) as a non-violent habitual offender, Miss. Code Ann. § 99-19-81 (Supp. 2018), and was ordered to serve two concurrent ten-year sentences in the custody of the Mississippi Department of Corrections (MDOC). Creel also pled guilty to one count of felony evasion as a non-violent habitual offender, *id.*, and was sentenced to a term of five years in the MDOC's custody, set to run consecutively to the DUI sentences.

¶4. Creel filed a PCR motion claiming his sentences under section 63-11-30(2)(d) violated "the Ex Post Facto Clause of the U.S. and State Constitutions."[1] The circuit court found that it plainly appeared Creel was not entitled to relief and summarily dismissed his motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2020). Creel now appeals.

## STANDARD OF REVIEW

¶5. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly

---

[1] Creel alleges several reasons why his sentence violates the ex post facto prohibition. These arguments will be addressed in more detail in the analysis section of this opinion.

erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999) (citing *Bank of Miss. v. S. Mem'l Park Inc.*, 677 So. 2d 186, 191 (Miss. 1996)).  The issue of whether the application of a statute constitutes an ex post facto violation is a question of law.  *Cozart v. State*, 226 So. 3d 574, 577 (¶9) (Miss. 2017).  "Where questions of law are raised the applicable standard of review is de novo."  *Brown*, 731 So. 2d at 598 (¶6).  Therefore, we review the question of whether the circuit court's application of the statute constituted an ex post facto violation under the de novo standard and "will only reverse for an erroneous interpretation or application of law."  *Cozart*, 226 So. 3d at 577 (¶9) (citing *Rice v. Merkich*, 34 So. 3d 555, 557 (¶7) (Miss. 2010)).

## ANALYSIS

### I. Creel was properly sentenced under the statute in place at the time of his offenses.

¶6.     On appeal, Creel argues that at the time he committed his 2004, 2007, and 2008 DUI offenses, the controlling statute, Mississippi Code Annotated section 63-11-30(2)(c) (Rev. 2004 & Supp. 2007), stated that any person convicted of a third or subsequent DUI within a five-year time frame would be guilty of a felony.[2]

---

[2] Creel's pro se brief is not clear on all the reasons why he claims a violation of the ex post facto clauses.  Creel states:

> I herein claim that the Sentencing Court errored in dismissing my Motion. My claim calls into question whether the plea is valid, among other questions such as: (1) was my fundamental and constitutional right to be free of a illegal sentence violated?; (2) can the charges as charged and based on the evidence provided by constitutionally prosecuted?; (3) did the court exceed the State's Right pursuant to any Statute of Limitations?; (4) did the court violate Miss. Code Ann. 99-19-1 by removing the Statute of Limitations from the law under which my 2007 prior third (3rd) D.U.I. occurred, effectively applying a

3

¶7.    Effective October 1, 2016, Mississippi Code Annotated section 63-11-30(2) was amended to include:

> For any fourth or subsequent conviction of a violation of subsection (1) of this section, *without regard to the time period within which the violations occurred*, the person shall be guilty of a felony and fined not less than Three Thousand Dollars ($3,000.00) nor more than Ten Thousand Dollars ($10,000.00), and shall serve not less than two (2) years nor more than ten (10) years in the custody of the Department of Corrections.

Miss. Code Ann. § 63-11-30(2)(d)(1) (Supp. 2016) (emphasis added); 2016 Miss. Laws ch. 504, § 5 (S.B. 2778).  Creel claims that his prior misdemeanor DUI convictions occurred before the 2016 amendment, so his fourth and subsequent offenses resulting in felony sentences allegedly violate the ex post facto clauses of the federal and State Constitution.  There is no doubt that his prior DUI misdemeanor convictions were committed while a previous version of the statute was in effect.  Creel argues the State has erroneously "applied a retroactive application of the October 1, 2016 amended version Miss. Code Ann. 63-11-30(2)(c) to my prior third (3rd) D.U.I. which was committed over nine (9) years prior to the amendment."  This Court will address only those points relevant to this issue.  *See* M.R.A.P. 28(a).  Creel argues the previous version of the law included a "statute of limitations," while in the amended version, "the State has effectively removed the five (5) years statute of

> retroactive application of a 2016 amendment of the statute to my 2007 offense, in order to use my prior conviction as evidence to prosecute what by law, should be a first (1st) offense D.U.I. as a felony fourth (4th) offense?; (5) did the court violate the ex post facto clause of the U.S. or State Constitutions?; (6) did the State Legislature specifically provide that it intended for the 2016 amendments to Miss. Code Ann. 63-11-30 apply retroactively to crimes that occurred before its effect date of Oct. 1, 2016?

All six issues attempt to allege a violation of the ex post facto clauses.

4

limitations from the law in place at the time the prior third (3rd) DUI was committed."

¶8. An ex post facto law is a law that "creates a new offense or changes the punishment, to the detriment of the accused, after the commission of a crime." *Bell v. State*, 726 So. 2d 93 (¶7) (Miss. 1998); *see also Knowles v. State*, 708 So. 2d 549, 552 (¶6) (Miss. 1998) (citing *Collins v. Youngblood*, 497 U.S. 37 (1990)). Both the United States Constitution and the Mississippi Constitution prohibit ex post facto laws. U.S. Const. art. I, § 10; Miss. Const. art. 3, § 16.

¶9. "Legislatures may not retroactively alter the definition of crimes or increase the punishment for criminal acts." *Collins*, 497 U.S. at 43. Therefore, the State "is without power to enforce against any person an ex post facto law." *Ross v. Epps*, 922 So. 2d 847, 849 (¶5) (Miss. Ct. App. 2006) (quoting *Tiller v. State*, 440 So. 2d 1001, 1004 (Miss. 1983)).

¶10. Further, Creel claims that applying the amended DUI statute to his prior misdemeanors he committed before the amendment violated Mississippi Code Annotated section 99-19-1 (Rev. 2020), which states:

> No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

¶11. In *Weaver v. Graham*, 450 U.S. 24 (1981), the United States Supreme Court stated the purpose of the ex post facto clause is to assure that legislative acts "give fair warning of

5

their effect and permit individuals to rely on their meaning until explicitly changed." *Weaver*, 450 U.S. at 28-29. Therefore, a person "convicted should be sentenced pursuant to the statute existing on the date of his offense to avoid an ex post facto problem." *Cozart*, 226 So. 3d at 578-79 (¶14) (quoting *Johnston v. State*, 618 So. 2d 90, 94 (Miss. 1993)).

¶12. In *Collins v. Youngblood*, 497 U.S. 37 (1990), the United States Supreme Court established the test to determine whether a criminal law amounted to an ex post facto law: does the law "punish[] as a crime an act previously committed, which was innocent when done"; (2) "make[] more burdensome the punishment for a crime, after its commission"; or (3) "deprive one charged with a crime of any defense available according to law at the time when the act was committed"? *Id.* at 42.

¶13. In *Boyd v. State*, 751 So. 2d 1050 (Miss. Ct. App. 1998), this Court addressed an analogous issue. Boyd was convicted of his third offense of operating a motor vehicle while under the influence of intoxicating liquor. Boyd argued section 63-11-30(a)(c) as applied to him resulted in "an ex post facto application of the law." *Id.* at 1054 (¶13). The statute at the time of Boyd's offense made a third DUI conviction within a five-year period a felony. This Court held that Boyd's argument was flawed because the amended statute "was enacted into law before Boyd engaged in operating a motor vehicle while under the influence of intoxicating liquor for the third time. Thus Boyd had constructive notice of the new punishments for DUI convictions prior to committing his third offense and cannot now be heard to complain." *Id*. at (¶15).

¶14. The Mississippi Supreme Court addressed a similar issue to the one Creel raises in

6

*Smith v. State*, 465 So. 2d 999 (Miss. 1985). In *Smith*, the defendant was sentenced under a habitual offender statute and argued that because his prior convictions occurred before the habitual offender statute became effective, the application of the penalty-enhancement statute to him constituted an illegal ex post facto law. *Id.* at 1002. The Mississippi Supreme Court rejected this view and held, "The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one." *Id.* at 1003 (quoting *Branning v. State*, 224 So. 2d 579, 580-81 (Miss. 1969)); *see also Bailey v. State*, 728 So. 2d 1070, 1074 (¶18) (Miss. 1997) ("Crimes committed before the habitual offender statutes were enacted could be used to enhance penalties for crimes committed after the statute was enacted, without violating the ex post facto constitutional provisions.").

¶15. Here, the circuit court sentenced Creel under the version of section 63-11-30 that was in effect at the time Creel committed his fourth and fifth felony DUI offenses. Under section 99-19-1 and the standard articulated in *Collins*, the amended statute permissibly created the punishment for a fourth-or-subsequent-offense felony DUI. The statute made the fourth and subsequent DUI offenses felonies. Creel had constructive notice of the enhanced punishment before he committed his fourth DUI. At the time the statute was amended, Creel had three prior DUI convictions and had not yet committed a fourth offense. Pursuant to *Boyd*, 751 So. 2d at 1054 (¶16), and *Smith*, 465 So. 2d at 1002, his argument on appeal fails.

    **II.**    **Creel's guilty pleas were entered knowingly, intelligently, and voluntarily.**

¶16. Creel also argues that his argument above "calls into question whether the plea was valid." Creel provides no authority to support this argument. Mississippi Rule of Appellate Procedure 28(a)(7) provides one of the requirements of briefs on appeal: "the argument shall contain the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on."

¶17. Under Mississippi law, "a guilty plea is binding if entered voluntarily, knowingly, and intelligently," *Tanner v. State*, 332 So. 3d 382, 387 (¶13) (Miss. Ct. App. 2022), meaning that the defendant is "advised concerning the nature of the charge against him and the consequences of the plea." *Carr v. State*, 291 So. 3d 1132, 1137 (¶18) (Miss. Ct. App. 2020) (quoting *Gaulden v. State*, 240 So. 3d 503, 507-08 (¶13) (Miss. Ct. App. 2018)). A PCR movant has the burden of establishing his involuntary-guilty-plea claim. *Hill v. State*, 60 So. 3d 824, 828 (¶11) (Miss. Ct. App. 2011) (citing *Hannah v. State*, 943 So. 2d 20, 25 (¶11) (Miss. 2006)).

¶18. In his plea petition, Creel stated, "I offer my plea of guilty freely and voluntarily and of my own accord and with a full understanding of all the matters set forth in the indictment or information[.]" This statement was supported by his counsel's statement that in his opinion, "the plea of guilty as offered in this petition is voluntary and knowingly made." The trial court also found that Creel's pleas were "freely, voluntarily, and intelligently made."

¶19. Creel understood the charges against him. Creel stated in his plea petition that "I wish to plead guilty to the charge of DUI 4th under Mississippi Code § 61-11-3(2)(d) (1972, as

8

amended)"[3] and that his counsel had "advised him on the nature and elements of the charges." This issue is without merit.

## CONCLUSION

¶20.   Christopher Creel has been convicted of five separate DUI offenses in this State. He pled guilty and was appropriately sentenced under the statute in place at the time of his fourth and fifth DUIs. His guilty pleas were offered knowingly, intelligently, and voluntarily. Accordingly, the circuit court's order dismissing Creel's PCR motion is affirmed.

¶21.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**

---

[3] A handwritten notation next to this language read, "Defendant knows there are (2) two DUIs involved," and Creel's initials and the date April 1, 2019, are written next to this notation.