# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-KA-00387-SCT

*RAPHAEL FLOWERS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/2007 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BENJAMIN A. SUBER |
| | LESLIE S. LEE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE B. WOOD |
| DISTRICT ATTORNEY: | W. DWAYNE RICHARDSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED - 05/27/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRAVES, P.J., LAMAR AND KITCHENS, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Raphael Flowers appeals his conviction of one count of statutory rape of a seven-year-old boy and sentence of thirty years in the custody of the Mississippi Department of Corrections.  Finding error, we reverse his conviction and sentence.

**FACTS**

¶2.    Flowers was indicted on two counts of statutory rape[1] and two counts of sexual battery,[2] offenses that are alleged to have occurred in April 2006. Flowers, who was eighteen years old at the time of the offense, was charged with having sexual relations with four boys, all under the age of fourteen, in an abandoned house. Further details of the incident are unnecessary for purposes of this appeal. In Count I, Flowers was convicted of statutory rape for having "sexual intercourse" with a seven-year-old boy. The trial judge declared a mistrial in Counts II, III, and IV, after the jury was unable to reach a unanimous verdict. Flowers appeals his conviction for statutory rape, raising three assignments of error. Although not raised in the trial court or on appeal, we find that the indictment in this case was fatally flawed, requiring reversal. We decline to address the remaining issues raised by Flowers on appeal.

**DISCUSSION**

¶3.    Flowers did not object at trial, nor did he challenge on appeal, his indictment for statutory rape. However, Rule 28(a)(3) of the Mississippi Rules of Appellate Procedure

---

[1]Mississippi Code Section 97-3-65(1)(b) provides that "[t]he crime of statutory rape is committed when: . . . . (b) A person of any age has sexual intercourse with a child who: (i) Is under the age of fourteen (14) years; (ii) Is twenty-four (24) or more months younger than the person; and (iii) Is not the person's spouse." Miss. Code Ann. § 97-3-65(1)(b) (Rev. 2006).

[2]Under Mississippi Code Section 97-3-95, "(1) A person is guilty of sexual battery if he or she engages in sexual penetration with: . . . . (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child." Miss. Code Ann. § 97-3-95(1)(d) (Rev. 2006).

2

provides that this Court "may, at its option, notice a plain error not identified or distinctly specified." Miss. R. App. P. 28(a)(3). Under proper circumstances, this Court "has noted the existence of errors in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court." *Grubb v. State*, 584 So. 2d 786, 789 (Miss. 1991). Generally, this Court will address issues on plain-error review only "when the error . . . has impacted upon a fundamental right of the defendant." *Sanders v. State*, 678 So. 2d 663, 670 (Miss. 1996). We find that this is such a case where it is appropriate to exercise this Court's authority to address plain error.

¶4.    At the time of the offense in April 2006, the statutory rape statute provided in relevant part that: "For purposes of this section, 'sexual intercourse' shall mean a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female." Miss. Code Ann. § 97-3-65(6) (Rev. 2006). Subsequently, in 2007, the Legislature amended the statute to read:

> For purposes of this section, "sexual intercourse" shall mean a joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female *or the penetration of the sexual organs of a male or female human being in which the penis or an object is inserted into the genitals, anus or perineum of a male or female.*

Miss. Code Ann. § 97-3-65(6) (Supp. 2009) (emphasis added). Apparently, at trial, both the State and Flowers proceeded under the erroneous assumption that the amended version of Mississippi Code Section 97-3-65(6) (Supp. 2009) applied.

¶5.    It is fundamental that the statute in effect at the time an offense is committed is the one that must control the prosecution of the offense. *See generally Wilson v. State*, 967 So.

2d 32, 42 (Miss. 2007) (holding that defendant was properly convicted under statute in effect at the time of offense). This rule helps to ensure the constitutional proscription against an ex post facto law. *See* U.S. Const. art. I, § 9, cl. 3 ("No Bill of Attainder or ex post facto Law shall be passed."); Miss. Const. art. 3, § 16 ("Ex post facto laws . . . shall not be passed."). In *Puckett v. State*, we quoted the Supreme Court's decision in *California Department of Corrections v. Morales* for the proposition that the Ex Post Facto Clause "'is aimed at laws that "*retroactively alter the definition of crimes* or increase the punishment for criminal acts."'" *Puckett v. State*, 684 So. 2d 671, 673 (Miss. 1996) (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 115 S. Ct. 1597, 131 L. Ed. 2d 588 (1995) (emphasis added)). Furthermore, "[t]he purpose of the Ex post facto Clause is to assure that legislative acts 'give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed[.]'" *Id.* (quoting *Weaver v. Graham*, 450 U.S. 24, 28-29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981)).

¶6.    We find that Flowers's due-process rights were disregarded and the Ex Post Facto Clause was violated when he was convicted and sentenced for the crime of statutory rape, as his alleged misconduct did not fall under the definition of statutory rape in effect at the time of the offense in 2006. In other words, the alleged misconduct did not involve the "joining of the sexual organs of a male and female human being in which the penis of the male is inserted into the vagina of the female." Miss. Code Ann. § 97-3-65(6) (Rev. 2006). To the contrary, Count I of the indictment charged that Flowers had "sexual intercourse with . . . a male child." In the case *sub judice*, a comparison of the indictment to the criminal

4

statute would not disclose that the crime of statutory rape was charged. Therefore, we hold the indictment failed to charge a crime under the statutory rape statute in effect at the time of the offense and is therefore, fatally defective.

¶7. Based on the record before this Court, Flowers's conduct could have been charged as sexual battery under Mississippi Code Section 97-3-95 (Rev. 2006), but not as statutory rape under Section 97-3-65. We reverse Flowers's conviction and sentence for statutory rape and remand the appellant to the Sheriff of Leflore County to await action of the grand jury.

## CONCLUSION

¶8. Raphael Flowers's conviction and sentence are reversed, and we remand Flowers to the custody of the Sheriff of Leflore County to await action of the grand jury.

¶9. **REVERSED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**