PER CURIAM.
Appellant was convicted for four counts of possession of a firearm by a convicted felon. All counts arose out of a single event during which Appellant possessed four different firearms. Appellant argues, and the State concedes, that the convictions violate double jeopardy principles. See Hill v. State, 711 So.2d 1221, 1224-25 (Fla. 1st DCA 1998) (holding that “the prohibition against double jeopardy precludes more than one conviction for the possession at the same time of multiple firearms by a convicted felon”); see also Owens v. State, 681 So.2d 1194, 1194 (Fla. 2d DCA 1996) (reversing fifteen charges of possessing a firearm by a convicted felon as violating double jeopardy); Plowman v. State, 622 So.2d 91, 92 (Fla. 2d DCA 1993) (reversing three counts of possession of a firearm by a convicted felon as violating double jeopardy).
Accordingly, we vacate Appellant’s convictions and sentences for three counts of possession of a firearm by a convicted felon, vacate the sentence for the one remaining count, and remand for resentenc-ing on that count. See Owens, 681 So.2d 1194.
THOMAS, WETHERELL, and MARSTILLER, JJ., concur.