IRVING, P.J.,
for the Court:
¶ 1. In June 2006, a Leflore County grand jury indicted Raphael Flowers on two counts of statutory rape and two counts of sexual battery. Flowers’s first trial ended in a mistrial due to misconduct by the assistant district attorney. Flowers was tried again in the Leflore County Circuit Court for two counts of statutory rape and two counts of sexual battery. The circuit court granted a mistrial on three of the counts after the jury was unable to reach a unanimous verdict, but Flowers was convicted on one count of statutory rape. Flowers appealed his conviction, and the Mississippi Supreme Court reversed the jury’s verdict, finding that Flowers’s indictment was flawed. Flowers v. State, 35 So.3d 516, 518-19 (¶ 6) (Miss.2010). The supreme court remanded Flowers to the custody of the Leflore County Sheriff until the grand jury decided if Flowers should be tried for sexual battery. Id. at 519 (¶ 7).
¶ 2. The grand jury subsequently indicted Flowers on four counts of sexual battery. However, before trial, counts two, three, and four were severed. At trial, the prosecution asked Detective Kenneth Spencer, Chief Investigator of the Leflore County Sheriff Department and one of the investigators on Flowers’s case, about the victim’s inconsistent testimony regarding whether other little boys were present and molested at the same time that he was molested. Flowers requested a mistrial, which the circuit court denied. The jury convicted Flowers of sexual battery. Flowers moved for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the circuit court denied. Feeling aggrieved, Flowers appeals and argues that he was deprived of a fair trial when the circuit court denied his motion for a mistrial following the prosecution’s mention of potentially prejudicial matters.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. In April 2006, Flowers was arrested after the victim, his then-seven-year-old cousin, accused Flowers of having sexual relations with him. Flowers admitted in his statement to the police that the victim had performed oral sex on him and that he had penetrated the victim anally in an abandoned house. During the trial at issue, counsel had a discussion in the judge’s chambers, with defense counsel making it clear that he would impeach the victim’s testimony and prior statements with caution, as not to open the door to other prejudicial information. More specifically, defense counsel declared that during cross-examination of Detective Spencer, he would not reference the specific content of the victim’s statements that referred to the severed counts involving other children.
*1110 ¶ 5. Defense counsel asked Detective Spencer the following during cross-examination:
Q: Can you tell me whether or not you agree with me that [the victim] has given previous testimony and information that is inconsistent with what transpired at the house [and] inconsistent with the statement that’s been provided to this jury here today?
A: No, sir, I wouldn’t say that. From the initial report on up to the statement, [the victim] and your client [are] consistent.
Q: Are you familiar with the fact that [the victim] has on previous occasions placed three other children in the house when this assault allegedly occurred. Are you familiar with that fact?
A: Yes, sir, I am.
[[Image here]]
Q: My question is, would you agree or disagree that that statement is inconsistent with the statement that he provided to me?
A: If you’re asking me did he mention it, no. It’s not in the statement, no he did not at that time.
The following exchange took place during the prosecution’s redirect examination of Detective Spencer:
Q: Detective Spencer, has [the victim’s] testimony in any prior hearing ever ehange[d] from his saying that the defendant put his penis in his mouth and his butt?
A: No, sir, it’s not changed one iota.
Q: So his testimony has always been consistent, correct?
A: It has been consistent.
Q: And is this inconsistency that Mr. Horan [ (defense counsel) ] is talking about is whether other little boys were also there and molested at the same time?
¶ 6. Additional facts, as necessary, will be related during the analysis and the discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The proper standard of review for determining whether the court erred in denying a motion for a mistrial is abuse of discretion. Gunn v. State, 56 So.3d 568, 571 (¶ 14) (Miss.2011). “A determination of whether such an error is incurable, resulting in a mistrial, rests within the sound discretion of the [circuit] court.” Snelson v. State, 704 So.2d 452, 456 (¶ 26) (Miss.1997) (citing Logsdon v. State, 183 Miss. 168, 170, 183 So. 503, 503 (1938)). In Snelson, certain remarks had “such a prejudicial effect that it [could not] be concluded that such remarks did not influence the jury.” Id. at 457 (¶ 30). Errors are deemed harmless if the same result would have been reached even without those errors. Gunn, 56 So.3d at 572 (¶ 16). “[R]eversal is not required ... when the evidence weighs overwhelmingly against the defendant.” Id.
¶ 8. Flowers admitted in his statement to the police that not only did the victim perform oral sex on him, but that he had performed anal sex on the victim, both of which fall under the definition of sexual battery pursuant to Mississippi Code Annotated section 97-3-95(l)(d) (Rev.2006). The statute states, in pertinent part, that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.” Id. Sexual penetration includes both fellatio and the penetration of anal openings by any part of another person’s body. Miss. *1111 Code Ann. § 97-3-97(a) (Rev.2006). During the hearing on his motion to suppress his statement, Flowers admitted that he voluntarily signed the statement, even though he insisted that he did not know what he was signing. The evidence here clearly weighs overwhelmingly against Flowers.
¶ 9. The judge instructed the jury to disregard the prosecution’s question regarding the victim’s claim that other children were molested. The judge then emphasized that the jury should disregard all statements made by the lawyers that were not proven true by the evidence. The judge added that the jury must base its verdict upon the evidence, not on the lawyers’ arguments. “Absent unusual circumstances, where [an] objection is sustained to improper questioning!,] ... and the jury is admonished to disregard the question or testimony, [appellate courts] will not find error.” Hill v. State, 4 So.3d 1063, 1065 (¶ 16) (Miss.Ct.App.2009) (quoting Wright v. State, 540 So.2d 1, 4 (Miss.1989)). The jury is presumed to follow the instructions given by the court. Id. at 1066. There is no indication here that the jury did not follow the court’s order to disregard the statement.
¶ 10. We find that the circuit court’s denial of Flowers’s motion for a mistrial was appropriate because there is no evidence that the jury was prejudiced by the remarks made by the prosecution. This issue is without merit.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF FIFTY-FIVE YEARS AND SIX MONTHS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.