BARNES, J.,
dissenting:
¶ 16. While I agree with the majority that search of Green’s car did not violate his Fourth Amendment rights, I find that imposing multiple convictions for the simultaneous possession of three weapons was plain error, requiring reversal and remand to the circuit court for vacation of two of the three convictions and corresponding sentences.
¶ 17. In addition to his conviction for trafficking stolen firearms, Green was convicted for three counts of possession of a firearm by a convicted felon, under Mississippi Code Annotated section 97-37-5(1) (Supp.2012), and sentenced to three consecutive ten-year terms of incarceration. Section 97-37-5(1) states:
It shall be unlawful for any person who has been convicted of a felony under the laws of-this state, any other state/or of the United States to possess any firearm *84 or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.
(Emphasis added). The issue of whether this statute, which prohibits a convicted felon from possessing “any firearm,” allows for multiple convictions when several weapons are possessed simultaneously is one of first impression for Mississippi. However, other jurisdictions with similarly worded statutes have found that the use of the term “any” is ambiguous and its statutory construction must be interpreted in favor of the defendant.
¶ 18. In State v. Garris, 191 N.C.App. 276, 663 S.E.2d 340 (2008), Darrell Garris argued that North Carolina General Statute section 14-415.1(a), which prohibits “any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction[,]” “does not provide for multiple convictions when several weapons are possessed simultaneously.” Garris, 663 S.E.2d. at 346. Garris, who was running from police, dropped a black plastic bag that contained a firearm, in addition to illegal drugs. Another firearm was found in a nearby trash can along the route that Garris ran while being chased. He was convicted for two counts of possession of firearm by a felon. Discussing the federal statute and relevant caselaw regarding the possession of a firearm by a felon,[1] the North Carolina Court of Appeals noted that caselaw “favor[ed] the imposition of a single punishment unless otherwise clearly provided by statute.” Id. at 347. Applying that rationale to section 14-415.1(a), the appellate court determined that the term “any” in its statute was ambiguous, and provided “no indication that the North Carolina Legislature intended for [section] 14-415.1(a) to impose multiple penalties for a defendant’s simultaneous possession of multiple firearms.” Garris, S.E.2d at 348. Therefore, it concluded that the trial court’s decision to convict Garris for two counts of felony weapon possession was error. See also State v. Wiggins, 210 N.C.App. 128, 707 S.E.2d 664, 672 (2011) (finding that the defendani/felon’s simultaneous possession of weapons that were *85 utilized over a short period of time “constituted a single possessory offense rather then three separate possessory offenses”).
¶ 19. The Illinois Supreme Court has also supported this statutory construction to its statute prohibiting the possession of a weapon by a convicted felon, concluding that the term “any firearm” may be interpreted to “mean either the singular or the plural.” People v. Carter, 213 Ill.2d 295, 290 Ill.Dec. 182, 821 N.E.2d 233, 237 (2004). “Where a criminal statute is capable of two or more constructions, courts must adopt the construction that operates in favor of the accused.” Id. (citation omitted). In Carter, the defendant was found guilty of four counts of unlawful possession of a weapon by a felon for simultaneous possession of two firearms and two rounds of ammunition. The Carter court decided that “in the absence of a specific statutory provision to the contrary, the simultaneous possession of two firearms and firearm ammunition constituted a single offense,” and it reversed and remanded the judgment to the trial court with instructions to vacate three of the convictions. Id., 290 Ill.Dec. 182, 821 N.E.2d at 238-40; see also People v. Hamilton, No. 1-12-0369, 2014 WL 3893271, *19 (Ill.App.Ct., Aug. 8, 2014) (applying the rationale in Carter to Illinois’s “armed habitual criminal statute” and finding that “since the [defendant’s] three armed habitual criminal convictions were based on the simultaneous possession of three guns, only one conviction can stand and the other two must be vacated”).
¶20. Similarly, in Hill v. State, 711 So.2d 1221, 1224-25 (Fla.Dist.Ct.App.1998), the Florida District Court of Ap peals held that “the prohibition against double jeopardy preclude[d] more than one conviction for the possession at the same time of multiple firearms by a convicted felon.” In its ruling, the court 'specifically addressed the use of the term “any firearm” in the corresponding statute and the ambiguity issues in interpreting such language; [2]. see also Davis v. State, 96 So.3d 1116, 1117 (Fla.Dist.Ct.App.2012) (per cu-riam) (recognizing its holding in Hill and vacating three of defendant’s four convictions for simultaneous possession of multiple firearms by a convicted felon, as violating double jeopardy).
¶ 21.. Mississippi Code Annotated section 97-37-5(1) states that it is “unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm[.]” (Emphasis added). This provision clearly contains the type of ambiguity warranting a statutory construction in favor of leniency and a finding that the simultaneous possession of multiple firearms by a convicted felon precludes multiple convictions. In the present case, the three weapons were all found simultaneously and in the same location— the trunk of Green’s car.
¶22. Although Green has not raised this particular argument, he did raise an insufficiency-of-the-evidence claim. Based on the foregoing authority, I find the simultaneous possession of three weapons in this instance is insufficient to convict Green on all three counts. Further, our supreme court has specifically determined that double jeopardy is a fundamental right that cannot be waived. Rowland v. State, 42 So.3d 503, 508 (¶ 14) (Miss.2010). *86 A defendant’s “fundamental constitutional right to be free from being prosecuted twice for the same offense” permits this Court to address this issue of double jeopardy as plain error. Lyle v. State, 987 So.2d 948, 950 (¶ 9) (Miss.2008) (citing White v. State, 702 So.2d 107, 109 (Miss.1997)).
¶23. Although the majority responds that neither Green nor the State raised the issue of whether section 97-37-5(1) allows for multiple convictions, Mississippi Rule of Evidence 103(d) clearly states: “Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.” Additionally, Mississippi Rule of Appellate Procedure 28(a)(3) states: “No issue not distinctly identified shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not identified or distinctly specified.” In Flowers v. State, 35 So.3d 516, 517-18 (¶ 3) (Miss.2010), our supreme court held that it was “appropriate” to exercise its authority to address plain error (whether -the defendant’s indictment • for statutory rape was fatally defective), even though the defendant “did not object at trial, nor did he challenge [his indictment] on appeal.”
Under proper circumstances, this Court “has noted the existence of errors in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court.” Grubb v. State, 584 So.2d 786, 789 (Miss.1991). Generally, this Court will address issues on plain-error review only “when- the error has impacted upon a fundamental right of the defendant.” Sanders v. State, 678 So.2d 663, 670 (Miss.1996). We find that this is such a case where it is appropriate to exercise this Court’s authority to -address plain error.-
Flowers, 35 So.3d at 517-18 (¶ 3). In the present case, I find that it was plain error, and a violation of Green’s fundamental right against double jeopardy, to convict and sentence Green for three separate counts of possession of “any” weapon by a convicted felon.
¶-24. Consequently, I would reverse and remand to the circuit court with instructions to vacate two of the three, convictions for possession of a weapon by a convicted felon and the corresponding sentences.
ISHEE, J., JOINS THIS DISSENT.

. ‘‘[I]f Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offensesf]” Bell v. United States, 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955). Federal courts have consistently interpreted the federal felony-weapon-possession statute, 18 U.S.C. § 922(g) (2012), as allowing only a single conviction for multiple firearms possessed simultaneously. See United States v. Cejas, 761 F.3d 717, 730-31 (7th Cir.2014) ("Our holdings that multiple § 922(g) firearm possession convictions and sentences violate double jeopardy where the defendant’s possession of the same firearm is uninterrupted are premised on the fact that the unit of prosecution in § 922(g) cases is the gun possession itself; one gun (or several guns simultaneously) possessed one time sustains one conviction,”); United States v. Richardson, 439 F.3d 421, 422 (8th Cir.2006) ("Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition.”); United States v. Berry, 977 F.2d 915, 920 (5th Cir.1992) (discussing § 922(g) and holding that "simultaneous convictions and sentences for the same criminal act violate! ] the double jeopardy clause”); and United States v. Hodges, 628 F.2d 350, 352 (5th Cir.1980) ("Congress did not intend ... to make the firearms themselves the allowable units of prosecution, unless they were received at different times or stored in separate places.”).

. Compare to Taylor v. State, 929 N.E.2d 912, 921 (Ind.Ct.App.2010) (emphasizing that Indiana’s statute, which states that "[a] serious violent felon who knowingly or intentionally possesses a firearm commits unlawful possession of a firearm by a serious violent felon,” indicates the legislature’s intent "to make each unlawful possession of one firearm by a serious violent felon a separate and independent crime”) (emphasis added).