LEE, C.J.,
dissenting:
¶ 14. I believe Rushing was entitled to the benefit of the lesser penalties that were in effect at the time of his sentencing; therefore, I respectfully dissent.
¶ 15. Though the amendments to Mississippi Code Annotated section 41-29-139 do create a new element to the crime— now the State will have to prove the weight of the substance sold in order to convict — in this particular circumstance, the weight of the substance was known and introduced to the trial court through the factual basis for the plea. Cf. Wilson v. State, - So.3d -, 2016 WL 1117662 *1118 (Miss.Ct.App.2016).[4]
IRVING, P.J., BARNES, ISHEE and JAMES, JJ.,'JOIN THIS OPINION.

. The fact that the weight was not included on the indictment does not make Rushing’s indictment defective, as he is receiving an ameliorative benefit of the new statute, not being subject to an ex post facto law. See Flowers v. State, 35 So.3d 516, 518-19 (¶ 6) (Miss.2010) (finding the application of the new statute to Flowers’s conduct an illegal ex post facto law and thus a violation of his. due-process rights).