# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CT-01741-SCT

*ZACHARY COZART a/k/a ZACHERY COZART*
*a/k/a ZACK COZAR*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/2014 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM, SR. |
| TRIAL COURT ATTORNEYS: | STEVEN P. JUBERA |
| | WILLIAM F. TRAVIS |
| | JAMES MARTY |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | RALPH STEWART GUERNSEY |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KATY TAYLOR GERBER |
| | JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 05/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## EN BANC.

## BEAM, JUSTICE, FOR THE COURT:

¶1. Following a three-day jury trial in DeSoto County, Mississippi, defendant Zachary Cozart was found guilty of manslaughter and sentenced to thirty years in the custody of in the Mississippi Department of Corrections, pursuant to Mississippi Code Section 97-3-25(b) (Rev. 2014). Cozart appealed, arguing error in violation of the state's Ex Post Facto Clause.

The Court of Appeals found that, although Section 97-3-25(b) was not enacted until after the defendant's crime, Cozart waived any objection to the harsher sentence when he agreed to a jury instruction that echoed the revised manslaughter penalty statute. *Cozart v. State*, No. 2014-KA-01741, 2016 WL 1745244 (Miss. Ct. App. May 3, 2016), *cert. granted*, 205 So. 3d 1085 (Miss. 2016).

¶2.    We granted certiorari to determine whether Cozart's thirty-year sentence under amended Mississippi Code Section 97-3-25(b) amounted to an ex post facto violation and whether this application rises to the level of plain error. We find that it does and reverse Cozart's sentence, remanding the issue to the circuit court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶3.    On July 1, 2010, twenty-one-month-old Ethan Connor was pronounced dead at Le Bonheur Children's Hospital in Memphis, Tennessee. Shortly after his passing, Zachary Cozart–Ethan's mother's paramour–was indicted in DeSoto County on charges of capital murder and felonious child abuse.[1]

¶4.    Prior to trial, Cozart entered an *Alford* plea[2] of guilty to the reduced charge of manslaughter. On July 10, 2013, the court entered an agreed order reducing Cozart's charges

---

[1] Maria Christina Sierra–Ethan's mother–also was indicted for capital murder, though the charges subsequently were dropped.

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). An *Alford* plea allows a defendant to avoid the risk of conviction at trial by pleading guilty without admitting to actual guilt of the crime charged.

from capital murder to manslaughter under Mississippi Code Section 97-3-35.[3]  The matter

was set for sentencing on September 12, 2013, though it was continued multiple times at

Cozart's request.  On March 25, 2014, Cozart filed a motion to withdraw his guilty plea and

the circuit court executed an agreed order setting it aside.  Cozart's trial commenced on

October 27, 2014.

¶5.     During the jury-instruction conference, Cozart's trial attorney offered an instruction

for manslaughter as a lesser-included offense of capital murder.  The State took issue with

the instruction's language and requested time to review it within the context of the

manslaughter statute.  After comparing the two, the State agreed to the instruction with one

minor revision, as suggested by the court.

¶6.     Following the close of the trial, the jury acquitted Cozart of capital murder but found

him guilty of manslaughter.   The court sentenced him to thirty years in the custody of the

Mississippi Department of Corrections, with fifteen years suspended and ten years of post-

release supervision.  Cozart appealed, asserting that both his due process rights and the Ex

Post Facto Clause were violated when the court issued this sentence.[4]  This Court assigned

the case to the Court of Appeals.

¶7.     Cozart argued that when he was indicted in 2010, the punishment for manslaughter

was imprisonment in the penitentiary for "not less than two years, nor more than twenty

---

[3] The current version of this law was revised in 2013, taking effect on July 1 of that year.

[4] On appeal, Cozart argued several other issues immaterial to our grant of certiorari. Those issues will not be discussed.

years." Miss. Code Ann. § 97-3-25 (2006).[5] However, when sentenced, the trial judge

applied the law's 2013 update, which expanded on the original law by including a provision

for child homicide and an increased sentence "not to exceed thirty (30) years." Miss. Code

Ann. § 97-3-25(2)(b) (Rev. 2014).

¶8.     The Court of Appeals determined that, while Cozart was sentenced under a statute not

in effect at the time of his offense, his failure to object to the potential sentence prior to the

jury's instruction effectively waived his right to assert an ex post facto violation. *Cozart v.

State*, No. 2014-KA-01741, 2016 WL 1745244, at *3 (Miss. Ct. App. May 3, 2016), *cert.

granted*, 205 So. 3d 1085 (Miss. 2016). The court held this issue to be without merit and

affirmed the circuit court's judgment. We granted certiorari on this individual issue to

review whether the sentence rendered by the circuit court was proper.

### STANDARD OF REVIEW

¶9.     It is well-established that "[t]he imposition of a sentence is within the discretion of

the trial court, and this Court will not review the sentence, if it is within the limits prescribed

by statute." *Jackson v. State*, 965 So. 2d 686, 688 (Miss. 2007) (citing *Reynolds v. State,*

585 So. 2d 753, 756 (Miss.1991)). However, the issue of whether the application of a statute

constitutes an ex post facto violation is a question of law. "Where questions of law are raised

the applicable standard of review is *de novo.*" *Brown v. State*, 731 So. 2d 595, 598 (Miss.

1999) (citation omitted). Accordingly, we review the question of whether the circuit court's

---

[5] The criminal law statutes were fully updated in 2014, with some of the first revisions being enacted in 2013. Those which Cozart argue are applicable to his crime and sentence were updated in 2006. Those under which Cozart was erroneously sentenced were enacted in 2013, and are found in the 2014 revisions to the Mississippi Code.

4

prescribed sentence constituted an ex post facto violation under the *de novo* standard and "will only reverse for an erroneous interpretation or application of law." ***Rice v. Merkich,*** 34 So. 3d 555, 557 (Miss. 2010).

## ANALYSIS

¶10.    Here, we find that while Cozart presented a jury instruction that resulted in the court's sentence, this does not preclude an appeal of his sentence.    Having reviewed the ex post facto claim and analyzed the issue for plain error, we find that the trial court's application of the revised statute resulted in an illegal sentence and plain error, which merits remand.

¶11.    The January 2011 indictment properly documented the capital-murder and felonious-child-abuse charges against Cozart as follows:

> Zachary Cozart . . . did wilfully, unlawfully and feloniously, and without authority of law, kill and murder Ethan Conner, a human being under the age of eighteen (18) years, while the said . . . Cozart [was] engaged in the commission of the crime of felonious abuse and/or battery of said child, with or without any design to effect the death of Ethan Conner, as defined in Section 97-5-39(2), Mississippi Code 1972 Annotated, as amended, in direct violation of Section 97-3-19(2)(f), Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

Therein, Cozart faced the possibility of a guilty verdict and a sentence of death, life in prison, or life in prison without the possibility of parole.  Miss. Code Ann. § 97-3-21 (2006).

Understanding the potential consequences of the indictment, Cozart entered an ***Alford*** plea, confessing guilt to the lesser charge of manslaughter under Mississippi Code Section 97-3-35

(Rev).[6] Both parties consented to this plea and the court entered an agreed order on July 10,

2013, acknowledging that

> This cause came on hearing on joint motion of defendant, by and through his Attorney of record, and the District Attorney to reduce the charge in this case from the offense of CAPITAL MURDER in violation of Miss. Code 97-5-39(2) and 97-3-19(e) and (f) to that of MANSLAUGHTER in violation of Miss. Code 97-3-35 . . . the referenced charge is hereby reduced . . . and the Defendant now stands charged with MANSLAUGHTER in violation of Miss. Code 97-3-35.

Several months later, but prior to sentencing, Cozart withdrew his guilty plea and reasserted

his right to a jury trial. Following the presentation of evidence, the parties adjourned to the

jury-instruction conference, where the court was presented with instructions on the charged

crime of capital murder, child abuse, and the lesser-included crime of manslaughter.[7] The

instruction on manslaughter, presented by counsel for the defense, made reference to the

amended version of Section 97-3-25(b).

---

[6] The killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner, or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter.

Miss. Code Ann. § 97-3-35 (2006).

[7] An indictment for murder or capital murder shall serve as notice to the defendant that the indictment may include any and all lesser included offenses thereof, including, but not limited to, manslaughter.

Miss. Code Ann. § 97-3-19(3) (Rev. 2014). This language was carried over as unchanged from the 2006 update to the Mississippi Code.

¶12.    The manslaughter instruction was reviewed by both the State and the circuit court and found to be in line with the existing manslaughter punishment statute.  The instructions were provided to the jury and, following a brief deliberation, Cozart was found guilty of manslaughter.  He subsequently was sentenced under the revised version of Mississippi Code Section 97-3-25, which provides:

> (1)    Except as otherwise provided in this section, any person convicted of manslaughter shall be fined in a sum not less than Five Hundred Dollars ($500.00), or imprisoned in the county jail not more than one (1) year, or both, or in the custody of the Department of Corrections not less than two (2) years, nor more than twenty (20) years.
>
> (2)    (a) A person is guilty of child homicide if:
>
>> (i) The person is found guilty of manslaughter in circumstances where the killing, although without malice, was intentional and not accidental; and
>> (ii) The perpetrator was over the age of twenty-one (21) years and the victim was a child under the age of eighteen (18) years.
>
> (b) A person found guilty of child homicide shall be imprisoned in the custody of the Department of Corrections for a term ***not to exceed thirty (30) years***.

Miss. Code Ann. § 97-3-25(2) (Rev. 2014) (emphasis added).  Whereas the former manslaughter penalty statue, effective in 2010 when Cozart's crime occurred, mandated:

> Any person convicted of manslaughter shall be fined in a sum not less than five hundred dollars ($500.00), or imprisoned in the county jail not more than one year, or both, or in penitentiary ***not less than two years, nor more than twenty years.***

Miss. Code Ann. § 97-3-25(1) (2006) (emphasis added).

7

¶13.    At the time of Cozart's crime, manslaughter was punishable by no more than twenty years in prison.  However, by the time Cozart was sentenced, the Legislature had amended Mississippi Code Section 97-3-25 to include child homicide as a classification of manslaughter, making his crime punishable by up to thirty years in prison.  It is this discrepancy upon which Cozart frames his ex post facto violation argument.

###    I.    *Ex Post Facto Violation*

¶14.    "An ex post facto law is one which creates a new offense or changes the punishment, to the detriment of the accused, after the commission of the crime." ***Knowles v. State***, 708 So. 2d 549, 552 (Miss. 1998) (citing ***Collins v. Youngblood***, 497 U.S. 37, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990)).  "Both the federal and our state constitutions protect persons from *ex post facto* laws," and provide that those "convicted should be sentenced pursuant to the statute existing on the date of his offense to avoid an *ex post facto* problem." ***Johnston v. State***, 618 So. 2d 90, 94 (Miss. 1993)(emphasis in original, citations omitted).

¶15.    Because the defendant was acquitted of his indicted crime, the difficulty in this case arises not out of that charged crime, but out of an instruction for the lesser-included offense of manslaughter which tracked the language of an amended law, ultimately "changing the quantum of punishment." ***Puckett v. Abels***, 684 So. 2d 671, 673 (Miss. 1996) (quoting ***Weaver v. Graham***, 450 U.S. 24, 28-29, 101 S. Ct. 960, 964, 67 L. Ed. 2d 17 (1981)).  Here, Cozart's conviction of manslaughter stemmed from a jury instruction submitted by his own counsel which used language from the updated version of Mississippi Code Section 97-3-35, rather than the controlling 2006 version.  Reviewed by both the district attorney and the

8

circuit court, this error went unnoticed well into the sentencing phase, with neither party objecting to its inclusion or the enhanced thirty-year punishment.

¶16. In response to this appeal, the State argues that both Cozart's submission of the erroneous instruction and his failure to timely object to the instruction and the eventual sentence, act as a waiver of his ex post facto violation claim. They argue that by submitting an instruction on the lesser-included offense, Cozart's counsel made a strategic decision which they hoped would result in the jury returning a conviction for a lesser crime, with a softer sentence. To illustrate this point, the State cites *Barnett v. State*, 725 So. 2d 797 (Miss. 1998), claiming that Cozart's manslaughter sentence of thirty years, while stricter than the former requirement of twenty years, was still lighter than the punishment for the indicted offense of capital murder, and was therefore ameliorative. The State asserts that, because Cozart chose to include the manslaughter instruction in an effort to mitigate his conviction, he cannot now complain about the option he initially relied upon "to escape the harsher penalty of death." *Barnett v. State*, 725 So. 2d 797, 801 (Miss. 1998). While the cases are similar, the application of *Barnett* is not entirely on point.

¶17. Like the matter at hand, *Barnett* presents a case in which a defendant claimed that his sentence amounted to an ex post facto violation. Under the statute applicable to Barnett's 1992 crime, "a jury could sentence [him] to either death or life in prison. Miss. Code Ann. § 97-3-21. That provision was amended in 1994 to allow the option of life in prison without parole. The jury sentenced Barnett to life without parole, a punishment that was not permitted under the statute in effect when the crime was committed." *Barnett*, 725 So. 2d at 801.

9

Barnett therefore argued that his sentence was void, though this Court held otherwise, using a two-part assessment. First, this Court reviewed the procedural merits of the appeal and found that Barnett should have objected to the alternative sentencing option "at the point that the jury was given its instructions, at the latest." *Id*. We held that "[o]bjections to jury instructions made after the jury has returned a verdict and been discharged is simply too late." *Id*. (citations omitted). Next, we determined that "a sentence of life without parole is ameliorative (and thus did not pose an *ex post facto* problem) in that it provides a punishment less harsh than death." *Id*.; *see also* **Johnston v. State**, 618 So. 2d 90, 95 (Miss. 1993) (this Court held that the application of an amended statute was not an ex post facto violation because the changes were *ameliorative and procedural*.) Because Barnett was found guilty of capital murder and faced the possibility of execution, receiving life without parole amounted to alternative relief to abate the severest of sentences. We found that this abatement was a strategic consideration by Barnett's counsel in an effort to prevent the jury from returning a sentence of death, and as such, found his failure to object to the instruction prior to sentencing served to waive this aspect of his appeal. **Barnett**, 725 So. 2d at 801.

¶18.    But, while we agree that the State has met the first prong of the **Barnett** analysis (the procedural arm), its argument fails under the second prong (the substantive arm). Here, it is not clear if Cozart knew that the thirty-year sentencing option would be triggered, nor is it clear that he relied upon a lesser-included offense to escape a harsher penalty. *See Barnett*, 725 So. 2d at 801. Further, when the jury returned its verdict, acquitting Cozart of capital murder and finding him guilty of manslaughter, it was then the court's responsibility to

10

ensure he was sentenced properly. Because it remains unclear whether Cozart knew that his sentence would be enhanced by his counsel's lesser-included-offense instruction, and the court's decision to apply the increased thirty-year sentence was in error, we cannot say the sentence was ameliorative of any proposed harsher penalty.

¶19. Moreover, unlike in **Barnett** and **Johnston,** the changes to Section 97-3-25 are substantive and not merely procedural, serving to amplify the potential sentence for specific offenders. Because the penalty of thirty years was not ameliorative of the original penalty under the applicable statute and therefore constitutes an ex post facto violation, we bypass the procedural bar and "address this issue under the plain-error doctrine because it affects [Cozart's] substantive rights." **Mayers v. State**, 42 So. 3d 33, 44 (Miss. Ct. App. 2010), *overruled on other grounds by* **Sallie v. State**, 155 So. 3d 760 (Miss. 2015).

## II. *Plain-Error Analysis*

¶20. Alternatively, Cozart argues that our holding in **Flowers v. State**, 35 So. 3d 516 (Miss. 2010), is more closely aligned with the facts of his appeal. There, the defendant was charged with statutory rape, though his alleged misconduct did not fall under the definition of statutory rape in effect at the time of his crime. **Flowers**, 35 So. 3d at 518. Following a plain-error review, this Court held that the defendant's indictment, conviction, and sentence violated the state's ex post facto law, reversed the conviction and sentence, and remanded the case to the lower court.

¶21. While the analysis conducted in **Flowers** is more closely aligned with the analysis necessary in this case, the holding in that case is not entirely dispositive of the issue here.

11

In ***Flowers***, the defendant was sentenced under a defective indictment, charging him with a crime which did not exist at the time he committed it. Here, Cozart's indictment was a proper charge, for which he was acquitted. It was not until he was convicted of the charge's lesser-included offense and the court entered the sentencing phase that his "due-process rights were disregarded and the Ex Post Facto Clause was violated." ***Flowers***, 35 So. 3d at 518. Therefore, we proceed with our own plain-error review of the circuit court's sentence to determine if Cozart's rights were violated.

¶22.    The Mississippi Rules of Appellate Procedure provide that this Court "may, at its option, notice a plain error not identified or distinctly specified." Miss. R. App. P. 28(a)(3). We previously have stated that, in certain contexts, this Court "has noted the existence of errors in trial proceedings affecting substantial rights of the defendants although they were not brought to the attention of the trial court or of this Court." ***Grubb v. State***, 584 So. 2d 786, 789 (Miss.1991). When an error impacts a fundamental right of the defendant, "procedural rules give way to prevent a miscarriage of justice," requiring this Court to address issues on plain-error review and correct any fundamental violations. ***Gray v. State***, 549 So. 2d 1316, 1321 (Miss. 1989). Further, "a claim of illegal sentence or denial of due process in sentencing [ ] must be considered regardless of when it is raised, because the State is without authority or right to impose a sentence illegally or without due process." ***Rowland v. State***, 98 So. 3d 1032, 1036 (Miss. 2012), *overruled on other grounds by* ***Carson v. State***, 2016 WL 6822423 (Miss. Nov. 17, 2016).

¶23. We recognize that "the plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Young*, 470 U.S. 1, 15, 105 S. Ct. 1038, 1046, 84 L. Ed. 2d 1 (1985) (citations omitted). Plain-error review is reserved for "correcting obvious instances of injustice or misapplied law." *Smith v. State*, 986 So. 2d 290, 294 (Miss. 2008) (quoting *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)). When reviewing a lower court's decision for plain error, this Court follows the standard set forth in *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993). We have held that "[p]lain-error review is appropriate when. . ." a party meets the criteria under *Olano* "and has failed to preserve an error for appellate review." *In re Guardianship of Duckett*, 991 So. 2d 1165, 1183 (Miss. 2008). As a result, "[t]he defendant who fails to make a contemporaneous objection must rely on plain error to raise the assignment on appeal." *Brown v. State*, 690 So. 2d 276, 297 (Miss. 1996) (quoting *Foster v. State*, 639 So. 2d 1263, 1289 (Miss. 1994)).

¶24. Setting the standard in *Olano*, the United States Supreme Court provided that, to show plain error, courts must first identify an error, and that error must be "plain . . . clear or, equivalently, obvious. . ." while serving to "affec[t] substantial rights" of the defendant. *Olano*, 507 U.S. at 734-35. Further, the defendant must prove that the lower court's error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732. "Our analysis, therefore, necessarily includes a determination of whether there is an error that is some deviation from a legal rule, whether that error is plain, clear or

13

obvious, and whether the error is prejudicial in its effect upon the outcome of the trial court proceedings." *Taylor v. State*, 754 So. 2d 598, 603 (Miss. Ct. App. 2000) (citing *Porter v. State*, 749 So. 2d 250, 260-61 (¶ 36) (Miss. Ct. App. 1999) (quoting *Olano,* 507 U.S. at 732-35)).

¶25.    As previously recognized, by introducing the jury instruction, then Cozart normally would have surrendered his right to appeal his sentence. However, because the revised sentencing statute was not effective at the time Cozart's crime was committed, condemning him to thirty years in the custody of the Mississippi Department of Corrections was an error impacting a "fundamental right." *Gray*, 549 So. 2d at 1321. Cozart's appeal, therefore, meets the first prong of the *Olano* analysis.

¶26.    Additionally, the error in sentencing was plain, clear, or otherwise obvious to the lower courts and to this Court on appeal. *Olano*, 507 U.S. at 734. Though they quickly dismissed it as procedurally barred due to Cozart's failure to object, both the State and the Court of Appeals acknowledged that the amended statute was not enacted until three years after the death of the victim. *Cozart*, 2016 WL 1745244, at *7. Further, a quick scan of the Mississippi Code indicates that sentencing a defendant to a more severe penalty under a statute not created until after the commission of his crime violates the basic tenants of the Ex Post Facto Clause. *See* Miss. Code Ann. § 99-19-1 (Rev. 2015). Unlike the circumstances in *Barnett*, it is neither clear that Cozart was aware that the thirty-year sentence would be an option, nor that he relied upon that option to escape the a potential harsher penalty. Without

14

an apparent waiver of his right to object to the harsher, thirty-year sentence, the error is abundantly obvious, and Cozart's appeal meets the second prong.

¶27. Finally, the sentencing error affected the substantive rights of the defendant while "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732. Unlike the defendant in *Barnett*, Cozart was acquitted of capital murder, making the only possible sentence the penalty for manslaughter under Mississippi Code Section 97-3-25 (2006). Additionally, the record fails to tell us whether Cozart knew the amended statute carried a harsher sentence, whereas in *Barnett*, we found that the record showed a strategic decision made to prevent the imposition of the death penalty. There, it was "clear that Barnett was aware that the sentencing option of life without parole would be given to the jury." *Barnett*, 725 So. 2d at 801. But here, it is conceivable that Cozart presumed that the twenty-year sentence under the manslaughter penalty provision would be applied, and did not know of the potential thirty-year sentence until after the judge announced his decision.

¶28. We repeatedly have held that, with the exception of limited circumstances, defendants will be "sentence[d] [] under the version of the . . . statute that was in place at the time the crime was committed." *Walters v. State*, 206 So. 3d 524, 531 (Miss. 2016); *see also Wilson v. State*, 194 So. 3d 855, 874 (Miss. 2016). Further, Mississippi Code Section 99-19-1 "expressly provide[s] that the previous law will remain in effect for the purpose of providing punishment, unless otherwise specially provided in the new statute." *Wells v. State*, 202 So. 3d 1230, 1234 (Miss. 2016) (citing Miss. Code Ann. § 99-19-1 (1972)). With the twenty-

year sentence being the proper punishment under the appropriate statute, the thirty-year sentence cannot be held as ameliorative. The imposed sentence, therefore, amounted to an ex post facto violation, affecting Cozart's due process rights. *See* Miss. Const. art. 3, § 4. Finding that this error inherently affected the fairness of his judicial proceedings, resulting in a miscarriage of justice which subjected Cozart to a "greater punishment, than the law annexed to the crime," we find that he has sufficiently met the third prong of our plain-error analysis. ***Calder v. Bull***, 3 U.S. 386, 390, 1 L. Ed. 648 (1798).

## CONCLUSION

¶29. Finding that application of the revised penalty for manslaughter constitutes an ex post facto violation affecting Cozart's substantial rights, and that this violation amounted to plain error, we reverse and remand the matter to the circuit court for re-sentencing under Section 97-3-25, as it existed at the time Cozart's offense occurred.

¶30. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN AND MAXWELL, P.JJ., CONCUR. CHAMBERLIN, J., NOT PARTICIPATING.**

16