# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-KA-01113-SCT

*CHARLIE HARRIS a/k/a CHARLIE C. HARRIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/19/2022 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| TRIAL COURT ATTORNEYS: | LISA MISHUNE ROSS |
| | JOHN G. McDONNELL |
| | RANDALL HARRIS |
| | JOHN K. BRAMLETT, JR. |
| | ASHLEY RIDDLE ALLEN |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA ANN STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA W. BYRD |
| DISTRICT ATTORNEY: | JOHN K. BRAMLETT, JR. |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/19/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.    Charlie Harris appeals his life sentence and the trial court's denial of his motion for reconsideration. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.    In 2001, Harris was convicted of depraved heart murder and sentenced to life without parole. His conviction and life-without-parole sentence were affirmed on appeal. *Harris v. State*, 861 So. 2d 1003 (Miss. 2003).

¶3.    In 2021, Harris filed his fourth motion for leave to proceed in the trial court and argued his life-without-parole sentence was illegal. In response, the State agreed that Harris should have been sentenced to no more than life imprisonment. On June 14, 2021, this Court vacated Harris's life-without-parole sentence and remanded the case to the trial court for resentencing. *Harris v. State*, No. 2015-M-01350 (Miss. June 14, 2021).

¶4.    On April 18, 2022, the trial court resentenced Harris to life imprisonment. Harris filed a motion for reconsideration of sentence and later an amended motion for reconsideration of sentence. In his amended motion for reconsideration, Harris argued his life sentence exceeded the current maximum sentence for a depraved heart murder conviction under the legislature's revisions to the murder statutes. Harris asked the trial court to set aside his life sentence and grant him a new sentencing hearing. The trial court denied the motion. Harris timely appealed.

## STANDARD OF REVIEW

¶5.    "It is well-established that '[t]he imposition of a sentence is within the discretion of the trial court, and this Court will not review the sentence, if it is within the limits prescribed by statute.'" *Cozart v. State*, 226 So. 3d 574, 576-77 (Miss. 2017) (alteration in original) (quoting *Jackson v. State*, 965 So. 2d 686, 688 (Miss. 2007)). "Where questions of law are raised the applicable standard of review is *de novo*." *Id.* at 577 (internal quotation marks omitted) (quoting *Brown v. State*, 731 So. 2d 595, 598 (Miss. 1999)).

## DISCUSSION

¶6.    Harris was convicted in 2001 of depraved heart murder under Mississippi Code

2

Section 97-3-19(1)(b) (Rev. 2000). At that time, the only sentencing option for murder was life imprisonment under Mississippi Code Section 97-3-21 (Rev. 2000).

¶7. In 2013, however, the legislature amended Section 97-3-19(1)(b) and created a new, separate crime of second-degree murder. Miss. Code Ann. § 97-3-19(1)(b) (Rev. 2014). Section 97-3-19(1)(b) defines second-degree murder as:

> The killing of a human being without the authority of law by any means or in any manner . . . [w]hen done in the commission of an act eminently dangerous to others and *evincing a depraved heart*, regardless of human life, although without any premeditated design to effect the death of any particular individual . . . .

*Id.* (emphasis added).

¶8. The legislature also amended Section 97-3-21 and provided new sentencing guidelines for murder. Miss. Code Ann. § 97-3-21(2) (Rev. 2014). Under Section 97-3-21(2), for a second-degree murder conviction, unless a jury sentences a defendant to life imprisonment, the trial court "shall fix the penalty at not less than twenty (20) nor more than forty (40) years in the custody of the Department of Corrections." *Id.*

¶9. At his resentencing hearing, Harris argued he should be resentenced under Sections 97-3-19(1)(b) and 97-3-21, as amended. Specifically, Harris argued:

> the sentence that's consistent with the statute under which he was convicted, Miss. Code Ann. § 97-3-19, . . . that was depraved heart murder and, because it was depraved heart murder, the correct sentence would be a second-degree murder sentence, which is . . . no less than 20 years but no more than 40 years in the custody of the MDOC.

Harris requested that the trial court resentence him to "20 years time served."

¶10. The trial court disagreed and resentenced Harris to life in prison. The trial court

stated:

> It appears that Mr. Harris has been an exemplary prisoner while he was incarcerated. However, the sentence of the [trial] [c]ourt at the time was that of murder. At the time of his sentence, there was no differentiation between depraved heart murder and deliberate design murder. *The appellate courts have already addressed this issue and it was not—the sentencing was not retroactive.*
>
> This Court will sentence the Defendant *according to the law at the time that he went to trial and was originally sentenced* and should be sentenced, in this Court's estimation. The Defendant will be sentenced to a term of life in prison.

(Emphasis added.)

¶11. Harris first argues the trial court erred by "finding it lacked discretion to resentence [him] pursuant to the second-degree murder statute." He claims:

> [T]he judge had the authority to sentence Harris pursuant to the amended depraved heart murder statute passed in 2013 which created the crime of second-degree murder. *See*, §97-3-19(1)(b). . . . Unlike the statute in effect at the time of the offense where the only sentence for depraved heart murder was life with parole, pursuant to the 2013 statute, unless a jury sentences a defendant to life, a judge "shall fix the penalty at no less than twenty (20) nor more than fort[y] (40) years in the custody of the Department of Corrections." Miss. Code Ann. §97-3- 21(3) and §97-3-21(2). No jury has sentenced Harris to life.
>
> The judge, however, found that he lacked the authority to sentence Harris under the new statute because prior authority of this Court required him to sentence Harris according to the statute in effect at the time of the offense, making his only sentencing option life with parole. . . . In so finding, the judge erred as a matter of law.

We agree.

¶12. Mississippi Code Section 99-19-1 states:

> *No statutory change of any law affecting a crime or its punishment* or the collection of a penalty *shall affect or defeat the prosecution of any crime*

*committed prior to its enactment*, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such penalties, *notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes*.

Miss. Code Ann. § 99-19-1 (Rev. 2020) (emphasis added). In other words, "Section 99-19-1 establishes that the punishment for a crime is controlled by the version of the relevant criminal statute in place at the time the crime was committed, 'notwithstanding amendatory or repealing statutes, *unless otherwise specially provided in such statutes*.'" *Walters v. State*, 206 So. 3d 524, 531 (Miss. 2016) (citing Miss. Code Ann. § 99-19-1 (Rev. 2015)).

¶13. But under Mississippi Code Section 99-19-33,

If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment *may* be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.

Miss. Code Ann. § 99-19-33 (Rev. 2020) (emphasis added). "Section 99-19-33 applies only in cases in which the Legislature creates a new, separate crime with a lesser penalty that criminalizes the same behavior for which the defendant is being tried." *Walters*, 206 So. 3d at 531 (citing *Wilson v. State*, 194 So. 3d 855, 872 n.3 (Miss. 2016)).

¶14. In *Wilson*, this Court reiterated that "Section 99-19-1 clearly requires the trial court to sentence an offender under a sentencing statute in place at the time of the crime." *Wilson*, 194 So. 3d at 874. But under Section 99-19-33, when "the Legislature creates a new,

5

separate crime with a lesser penalty that criminalizes the same behavior for which the defendant is being tried," *Walters*, 206 So. 3d at 531 (citing *Wilson*, 194 So. 3d at 872 n.3), the sentencing court *may* impose a milder punishment but is not "require[d] . . . to apply a newer sentencing statute instead of the sentencing scheme in effect when a crime was committed." *Wilson*, 194 So. 3d at 874 (emphasis added).

¶15.    Here, both parties agree that Section 99-19-33 applies to Harris. Indeed, both parties agree that effective July 1, 2013, the legislature reclassified depraved heart murder and created the new, separate crime of second-degree murder with a lesser penalty that criminalizes the same behavior for which Harris was convicted. As a result, under Section 99-19-33, the trial court *was not required* to impose a life sentence but, instead, *had the discretion* to impose the lesser penalty of twenty to forty years. Miss. Code Ann. § 99-19-33.

¶16.    Harris next argues that his life sentence is based on the trial court's misunderstanding of its discretion at sentencing. Harris asserts, "[i]t is by no means clear that had the judge recognized that discretion he would still have sentenced Harris to life with parole as opposed to a lesser sentence, such as time served." As a result, Harris asks this Court to "reverse the [trial] [c]ourt's sentence of life and remand the case for a new sentencing hearing to determine a sentence between 20 and 40 years pursuant to [Section 97-3-21(2)]." We disagree.

¶17.    While the record reflects that the trial court initially thought it was required to sentence Harris to life imprisonment under the original version of Section 97-3-21, that error was addressed by Harris in his amended motion for reconsideration. Indeed, in his amended

6

motion for reconsideration, Harris discussed Sections 99-19-1 and -33 as well as *Wilson*. Harris explained that despite Section 99-19-1, Section 99-19-33 allowed the trial court to impose a lesser penalty "to situations in which . . . the Legislature has created a new, second crime that criminalizes the same behavior." *Wilson*, 194 So. 3d at 872 n.3 (citing § 99-19-33). Harris argued in his motion that "[b]ecause the Legislature created the new crime of second-degree murder which criminalizes the same behavior," the trial court should reconsider and "grant Harris a new sentencing hearing and sentence Harris to 20 to 40 years[.]"

¶18. As a result of Harris's amended motion for reconsideration, the trial court reconsidered Harris's sentence. But the trial court "maintain[ed] [that] its prior ruling was the appropriate decision in this case." The fact that Harris disagrees with the trial court's sentence does not make the sentence erroneous. The trial court, upon reconsideration, exercised its discretion and found that a life sentence was still the appropriate sentence.

¶19. Under Section 99-19-1, the trial court had the authority to sentence Harris to life imprisonment based on the sentencing guidelines in place at the time the offense occurred. Miss. Code Ann. §§ 99-19-1, 97-3-21; *Wilson*, 194 So. 3d at 874. Or the trial court could exercise its discretion under Section 99-19-33 and sentence Harris to a milder punishment of "not less than twenty (20) nor more than forty (40) years." § 97-3-21(2); *see* 99-19-33; *Wilson*, 194 So. 3d at 874. The trial court reconsidered its sentence and found that its original sentence of life imprisonment remained the proper sentence. We find no error and affirm the trial court's order denying reconsideration.

## CONCLUSION

¶20.    The trial court did not abuse its discretion by sentencing Harris to life imprisonment. As a result, the trial court's denial of Harris's amended motion for reconsideration is affirmed.

¶21.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**